[Filed June 24, 1886.]

## JOHN O. WALSH v. CITY OF UNION.

CITY OF UNION—POWERS UNDER CHARTER—CRIMINAL LAW.—A provision in a city charter empowering the city to punish any person or persons who should make any noise or disturbance in any street of the city does not authorize the city to take jurisdiction of and punish the crime of assault with a dangerous weapon.

UNION COUNTY. Defendant appeals. Affirmed.

The city charter of. Union authorizes the city " to prevent and restrain any riot, noise, disturbance, or disorderly assemblage in any street, house, or place in the city." The plaintiff was tried and convicted upon a complaint charging that "the said J. O. Walsh, within the city of Union, Union County, Oregon, on the eighth day of May, 1884, *did then and there draw upon Phillip Halley a dangerous weapon*, viz., a revolver or pistol, the same being loaded with lead and powder, and being a dangerous weapon, *with intent then and there and thereby to assault and shoot the said Phillip Halley*, in violation of city ordinance No. 51 of said city, and in breach of the peace thereof." Said ordinance No. 51 is as follows: " Sec. 4. That any person or. persons who shall *draw any dangerous or deadly weapon upon the person of another*, or who shall exhibit in a threatening or careless manner any such weapon within the corporate limits of Union,

shall on conviction thereof before the recorder be fined not less than five nor more than one hundred dollars, or imprisoned for any period not more than twenty days."

*R. Eakin*, for Appellant.

*William M. Ramsay* and *J. W. Shelton*, for Respondent.

LORD, J.  We think the ordinance was *ultra vires*. Under the charter, the city was empowered and authorized to pass an ordinance to punish any person or persons who should create any " noise or disturbance " in any street in the city, etc.   And under an ordinance enacted in pursuance of such power to punish those who should create any disturbance in the streets of the city, etc., it is not doubted but what the conduct alleged in the complaint would be a punishable offense.

No provision of the charter has been referred to which authorizes the defendant to take jurisdiction and punish for the crime of an assault with a dangerous weapon, and in the absence of such provision, we do not think the power can be derived expressly or impliedly from the power " to prevent and restrain disturbances."   The defendant has the right to pass an ordinance to prevent disturbance and to punish for conduct which creates such disturbance.   Nor is this objection made upon the ground that an offense committed against two jurisdictions can- not be punished by each of them.   It is based on the ground that the city has no power to pass such an ordinance, and it is, therefore, void, and consequently the City Recorder's Court was without jurisdiction in the premises.

The judgment must be affirmed.