(October 29, 1894.)

## STATE v. COLLINS.

[38 Pac. 38.]

INFORMATION—MOTION TO QUASH—PRELIMINARY EXAMINATION.—Motion to quash information on the ground that the court had no jurisdiction to try defendant, for the reason that the law had not been complied with in the arrest, and preliminary examination of defendant must be made before plea or trial or the same is waived.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

George M. Parsons, Attorney General, for the State.

The motion in arrest of judgment must be founded on defects appearing on the face of the information. (*People v. Johnson,* 71 Cal. 392, 12 Pac. 261; *People v. Gardner,* 98 Cal. 128, 32 Pac. 880.) Not demurring, defendant waived his right to move in arrest of judgment. (*People v. Swenson,* 49 Cal. 390; Pen. Code, sec. 7960.) The irregularities complained of are not jurisdictional. (*Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119; *People v. Bawden,* 90 Cal. 195, 27 Pac. 204.) "Subscribed and sworn to" sufficient. (*People v. Dowdegan,* 67 Mich. 95, 38 N. W. 920.) The motion came too late. (*State v. Clark,* ante, p. 7; 35 Pac. 710.)

Charles L. Heitman, for Respondent, filed no brief.

SULLIVAN, J.—The respondent was arrested and tried for the crime of assault with intent to commit murder, and convicted of the crime of assault with a deadly weapon, whereupon a motion in arrest of judgment was made, and sustained by the court, from which order this appeal was taken. The ground of the motion in arrest of judgment was that the court had no jurisdiction to try the defendant, for the reason that the law had not been complied with in his arrest and preliminary examination. The facts as to the arrest and preliminary examination are substantially the same as the facts in *State v. Clark,* ante, p. 7, 35 Pac. 710, and on the authority of that case the judgment of the trial court on said motion ought to be reversed, and it is so ordered.

Huston, C. J., and Morgan, J., concur.