(January 15, 1902.)

## STATE v. QUONG.

### [67 Pac. 491.]

CONSTITUTIONAL LAW—CITY ORDINANCES.—Under the provisions of section 2, article 12, of the constitution of Idaho, cities have the power to make and enforce police regulations punishing misdemeanors, notwithstanding there is a general law of the state defining and punishing the same offense.

EVIDENCE.—Evidence that the complaining witness was bruised may be given upon the trial of a criminal action by a witness who examined such complaining witness the day following the battery charged, where such evidence is not relied on to prove the *corpus delicti.*

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett and Silas W. Moody, for Appellant.

"Battery" is an offense against the laws of the state of Idaho, and is defined at section 6729 of the Revised Statutes. Charters of municipal corporations are special grants of power from the sovereign authority, and must be strictly construed. Whatever power is not expressly given, or as the necessary means to the execution of expressly given powers, is withheld. (*Douglas v. Mayor of Placerville,* 18 Cal. 644; *Beatty v. Knowles,* 4 Pet. 168; *Pennsylvania Ry. Co. v. Canal Co.,* 21 Pa. St. 9-22; *People v. Utica Ins. Co.,* 15 Johns. 357; *Blair v. Perpetual Ins. Co.,* 10 Miss. 559; notes to *Robinson v. Mayor etc.,* 34 Am. Dec. 627, and to Dillon on Municipal Corporations, 89.) Section 2 of article 12 of the constitution of Idaho states: "Any county or incorporated city or town may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with its charter or with the general laws." This court, in *In re Ridenbaugh,* 5 Idaho, 371, 49 Pac. 12, declared that the section of the constitution referred to "authorized the council of Boise City to make and enforce ordinances that are not in conflict with the general laws, and forbids the making and enforcing of any ordinance in conflict with the general laws." There is such a conflict when a city ordinance punishes precisely the same acts which are punishable under the general laws of the state. (*In re Sic,* 73 Cal. 142, 14 Pac. 405; *Ex parte Christensen,* 85 Cal. 211, 24 Pac. 747; *Ex parte Mansfield,* 106 Cal. 405, 39 Pac. 775; *Ex parte Stephen,* 114 Cal. 282, 46 Pac. 86; *In re Ah Kit,* 45 Fed. 794; *In re Lee Long,* 9 Saw. 333, 18 Fed. 253; *Indianapolis v. Blythe,* 2 Ind. 75; *New Orleans v. Miller,* 7 La. Ann. 651; *Municipality v. Wilson,*

5 La. Ann. 747; 1 Dillon on Municipal Corporations, 3d ed., 366 et seq.; Endlich on Interpretation of Statutes, secs. 35-40; *Ex parte Hongshen,* 98 Cal. 685, 33 Pac. 799; *Ex parte Taylor,* 87 Cal. 96, 25 Pac. 258; Dillon on Municipal Corporations, sec. 368; *People v. Brown,* 2 Utah, 462; *Ex parte Bourgeois,* 60 Miss. 669, 45 Am. Rep. 420.)

Attorney General Frank Martin, for Respondent.

The first error assigned is that the council of Boise City had no power to provide by ordinance for the punishment of acts which were made punishable by the statutes of the state. This question has already been passed upon by this court and the cases cited by appellant have been considered, and this court expressly refused to follow the doctrine laid down in said decisions, and decided in a well-considered opinion that under the weight of authority there was no conflict between such ordinance and the general law of the state. (*State v. Preston,* 4 Idaho, 215, 38 Pac. 695.) An exception to an order denying a new trial must be saved in a bill of exceptions as provided for in the statutes of this state. (*State v. Larkins,* 5 Idaho, 200, 47 Pac. 945.) The failure of appellant to have his exception to the order of the court overruling his application for a new trial saved in a bill of exception leaves this case as though it was an appeal from a judgment alone. And an objection that the evidence does not support the verdict in a criminal case cannot be reviewed on an appeal from the judgment. (*People v. Pierson,* 2 Idaho, 76, 3 Pac. 688; *United States v. Camp,* 2 Idaho, 231, 10 Pac. 226.)

QUARLES, C. J.—The appellant was prosecuted in the police magistrate's court of Boise City upon the charge of battery, and from the judgment therein rendered an appeal was taken to the district court of the third judicial district, in and for Ada county, where, upon a trial *de novo,* the appellant was convicted by a jury of his selection, and sentenced to pay a fine of seventy-five dollars and the cost of the action; and from the judgment of the said district court the appellant appeals to this court. The appellant moved for a new trial in

the court below, which was denied, and he also appeals from the order denying him a new trial.

One of the grounds of the motion for a new trial was the insufficiency of the evidence to support the verdict, and a number of particulars wherein appellant claims that the evidence was insufficient are specified in the statement on motion for a new trial. We have carefully examined the evidence, and find that there was a substantial conflict therein; evidence on behalf of the state tending to prove the charge, and evidence on behalf of the appellant tending to disprove the same. Under repeated decisions of this court, and under the overwhelming weight of authority, the verdict of the jury rendered under such circumstances will not be disturbed.

The first error of law assigned and relied upon for a reversal is that the court erred in overruling the appellant's objection to the introduction of any evidence under the complaint on the ground that it did not state a public offense. It is not questioned that the complaint states specifically acts constituting the crime of battery, but counsel for appellant insists that, inasmuch as battery is a crime under the general criminal statutes of this state, the municipality cannot enact an ordinance making it a crime, and that appellant could not be legally prosecuted and punished under such ordinance, as the ordinance conflicts with the general law of the state. We cannot sanction this contention. The ordinance is not in conflict, but in harmony, with the general law. The authority of the city to enact police regulations, and to enforce them, where they do not contravene any general law of the state, is, under the provisions of our constitution, beyond question. The municipal government may not take from the citizen any constitutional right—has no power to do so—yet by the express provisions of section 2, article 12, the power to make and enforce sanitary and police regulations is expressly given to cities and towns. The object of the provision is apparent, its necessity urgent. The burden of policing the different cities should not be thrown upon the state, nor upon the county in which the particular city in question may be situated. A prompt and efficient police service is absolutely necessary to

a well-regulated and conducted city. This question was settled, so far as judicial action is concerned, in the case of *State v. Preston,* 4 Idaho, 215, 38 Pac. 695, where the same question here urged was raised, and decided adversely to appellant's contention. (See, also, *In re Ridenbaugh,* 5 Idaho, 371, 49 Pac. 12.)

The second error assigned is that the trial court erred in permitting the police magistrate, McGinty, to testify to bruises upon the person of the complaining witness the day following the assault. This was not error. The evidence was introduced to prove a corroborating circumstance, and not to prove the *corpus delicti* and was not relied upon for the latter purpose.

The third and remaining error assigned is that the court erred in denying appellant's motion for a new trial upon the ground that "the verdict was against law," and that "the verdict was contrary to the evidence." What we said in the outset disposes of the question as to the sufficiency of the evidence; and the ground upon which we are asked to hold that the verdict is against law is that the defendant was prosecuted under a city ordinance, and not under the general law of the state. We have also disposed of this question heretofore in this opinion.

It is argued on behalf of the appellant that he was denied a constitutional right in the police court, by being denied a jury trial therein. This question is *dehors* the record. The appellant appealed to the district court, had a trial *de novo,* and appealed from the judgment of the district court. The proceedings in the police court are not before us for review, except the complaint itself, and are not in the record.

Finding no error in the record, the judgment and order appealed from are affirmed.

Sullivan and Stockslager, JJ., concur.