Points Decided.

(March 15, 1916.)

## STATE, Appellant, v. WM. FREDERIC, Respondent.

[155 Pac. 977.]

CONSTITUTIONAL LAW — STATUTORY CONSTRUCTION — MUNICIPAL ORDI-
NANCES—JURISDICTION OF POLICE JUDGE—AS COMMITTING MAGIS-
TRATE.

1. Sec. 2238k, amending sec. 2238, Rev. Codes (Sess. L. 1915,
p. 232), which provides that any city or village may "Make all
such ordinances, by-laws, rules, regulations, resolutions not incon-
sistent with the laws of the state, as may be expedient, in addition
to the special powers in this title granted, maintain the peace, good
government and welfare of the corporation and its trade, commerce,
manufacture, and to enforce all ordinances by inflicting fines or
penalties for the breach thereof, . . . . " does not delegate to mu-
nicipalities authority to prohibit by ordinance the possession of
intoxicating liquors and to inflict a punishment for the possession
thereof.

2. Under grants of power by the legislature to municipal corpo-
rations, only such powers and rights can be exercised as are clearly
comprehended within the words of the granting act or derived there-
from by necessary implication, regard being had to the object of
the grant. Any ambiguity or doubt arising out of the terms used
by the legislature must be resolved in favor of the granting power.
Regard must also be had to constitutional provisions intended to
secure the liberty and to protect the rights of citizens, to the end
that no citizen shall be deprived of life, liberty or property without
due process of law.

3. A municipality has no power to confer upon police judges
jurisdiction to summarily hear and determine acts denominated by
the general law of the state as indictable misdemeanors by the en-
actment of an ordinance prohibiting such acts and prescribing a
punishment therefor.

4. Under sec. 8, art. 1, of the constitution, which provides that
"No person shall be held to answer for any felony or criminal offense

On the power to prohibit the keeping of intoxicating liquor irre-
spective of any intention to sell it in violation of law, see notes in
26 L. R. A., N. S., 394; L. R. A. 1915D, 172.

On the power to prohibit or restrict one's using intoxicating liquor
or having the same in his possession for his own use, see note in 24
L. R. A., N. S., 173.

of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, . . . . " the jurisdiction of justices of the peace and probate courts is limited to such cases as are by statute made cognizable by such courts.

5. Secs. 2202, 3854 and 7511, Rev. Codes, make the jurisdiction of a police judge concurrent with that of justices of the peace and probate judges to try persons charged with having committed a non-indictable misdemeanor committed within the city limits, and to hold preliminary examinations of persons charged with indictable misdemeanors or felonies committed within the city limits under the general laws of the state.

6. Under sec. 8, art. 1, of the constitution, the legislature cannot confer upon municipalities authority to prohibit or punish indictable misdemeanors.

7. *Held,* that in the case at bar the city police magistrate was without jurisdiction except as a committing magistrate, and that the ordinance of the city of Coeur d'Alene purporting to confer jurisdiction upon the police magistrate to summarily try the defendant and inflict punishment for an act which, under the state law, constitutes an indictable misdemeanor, is null and void.

8. *Held,* that it was the duty of the police magistrate in this case to proceed to hold a preliminary examination under the provisions of secs. 7565–7589, Rev. Codes, and, if the evidence warranted, to hold the defendant to answer to the district court.

9. *Held,* that the defendant had a constitutional right to a preliminary examination unless he expressly waived the same, before he could lawfully be placed upon trial for the offense with which he was charged.

[As to police power of municipal corporation to punish crimes, see note in 110 Am. St. 149.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Prosecution for violation of city ordinance prohibiting unlawful possession of intoxicating liquor. Judgment for defendant. *Affirmed.*

Jas. H. Frazier, for Appellant.

Under sec. 2, art. 12, of the constitution, this court in a number of cases has held that the cities have the power to

prescribe and enforce police regulations, notwithstanding a general statute prescribing a punishment for the same offense. (*State v. Preston,* 4 Ida. 215, 38 Pac. 694; *State v. Quong,* 8 Ida. 191, 67 Pac. 491.)

The burden of policing the different cities should not be thrown upon the state nor upon the county in particular in which the city may be situated, and prompt and efficient police service is absolutely necessary to a well-regulated and well-conducted city. (*In re Ridenbaugh,* 5 Ida. 371, 49 Pac. 12.)

Cities have not only such powers as are expressly conferred by statute, but certain implied authority, to enforce the general laws of the state, and to enact and enforce ordinances in a reasonable, necessary and harmonious way, where the peculiar local conditions of the city demand certain police and sanitary regulations. (2 McQuillin on Municipal Corp., p. 1570, sec. 724.)

No appearance in this court for Respondent.

BUDGE, J.—On August 23, 1915, a criminal complaint was filed in the police court of the city of Coeur d'Alene, charging respondent with unlawfully having in his possession, on or about August 22, 1915, intoxicating liquors, to wit, whisky and beer, in violation of the provisions of an ordinance of that city. A warrant was thereupon issued; respondent was arrested and brought into the police court. A trial was had in that court without a jury, and respondent was found guilty as charged in the complaint and assessed a fine of $50 and costs, from which judgment he appealed to the district court of the eighth judicial district, in and for Kootenai county.

On September 23, 1915, a jury was regularly impaneled and the cause proceeded to trial. After the evidence for the prosecution was introduced, the trial judge, of his own motion, dismissed the jury and directed that respondent be discharged and his bond exonerated. Judgment was thereupon entered dismissing the action against respondent.

This is an appeal by the state from the judgment of dismissal.

From an examination of the judgment-roll it appears the trial court reached the conclusion that, under the provisions of sec. 2238, Rev. Codes, as amended by the Session Laws of 1915, p. 231 (sec. 2238h), relating to the powers of cities and villages, which, among other things, are that any city or village may, by ordinance or by-law, "License, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amounts to be paid for such license; . . . . " the prosecution in this case could not be maintained, for the reason that the city of Coeur d'Alene must derive all its powers with regard to regulation, license and prohibition of the liquor traffic from this statute, and that inasmuch as the statute failed to mention, or in express terms prohibit, the possession of intoxicating liquor, or to make the possession thereof a crime, the city of Coeur d'Alene is without authority to enact an ordinance prohibiting the possession of intoxicating liquor and making the possession of the same a crime; and, therefore, the provisions of said ordinance in this respect are void.

This amendment to section 2238 was passed by the thirteenth session of the legislature and approved March 15, 1915, and by reason of an emergency clause took effect and was in force from and after the date of its passage and approval. In our opinion it was enacted by the legislature for the purpose of providing for the licensing, regulating and prohibiting the selling or giving away of intoxicating liquors within municipalities located in counties within the state, which had not adopted the provisions of the local option law. The amendment has since been superseded by chapter 28, House Bill 142, Sess. Laws 1915, p. 83, under which statute the entire state is made a prohibition district.

On September 23, 1915, which was the date of the trial of respondent in the district court of the eighth judicial district, the county of Kootenai, including the city of Coeur

d'Alene, having adopted the provisions of Senate Bill 62, Sess. Laws 1909, p. 9, and Chapter 15, Sess. Laws 1911, p. 30, was, within the meaning of the provisions of Senate Bill 50, Sess. Laws 1915, p. 41, constituted a prohibition district in which sec. 2238, Rev. Codes, as amended (sec. 2238h, Sess. L. 1915, p. 231), could have no application, as in such prohibition district the sale of intoxicating liquors except as expressly provided in Senate Bill 50 is prohibited, and the sale of such excepted intoxicating liquor is not subject to license. Therefore sec. 2238h, *supra,* had no application to the case at bar.

But it is insisted that the trial court failed to consider section 2238k, which is also an amendment to sec. 2238, Rev. Codes, enacted by the same session of the legislature (Sess. L. 1915, p. 232), and approved and effective on the same date as section 2238h, and which provides that any city or village may "Make all such ordinances, by-laws, rules, regulations, resolutions not inconsistent with the laws of the State, as may be expedient, in addition to the special powers in this title granted, maintain the peace, good government and welfare of the corporation and its trade, commerce, manufacture, and to enforce all ordinances by inflicting fines or penalties for the breach thereof, not exceeding One Hundred Dollars ($100) for any one offense, recoverable with costs, and, in default of payment to provide for confinement in prison or jail, and at hard labor upon the streets or elsewhere for the benefit of the city or village." The question therefore arises whether the legislature, under the foregoing statutory provision, delegated to municipalities authority to prohibit by ordinance the possession of intoxicating liquors and to inflict a punishment for the possession thereof.

Section 10 of ordinance 460 of the city of Coeur d'Alene, under which respondent was tried and convicted in the police court, provides: "It shall be unlawful for any person to import, ship, sell, transport, deliver, receive or have in his possession any intoxicating liquors, except as in this ordinance provided for." Section 13 provides: "It shall be unlawful for any person, firm, company, or agent to have

in his possession any intoxicating liquors of any kind for
any use or purpose except the same shall have been obtained
and is so possessed under a permit and in the manner as in
this ordinance provided for." And section 12 provides:
"Any person convicted of the violation of any of the provi-
sions of this ordinance, where the punishment thereof is not
herein specifically provided for, shall be punished by a fine
of not less than ten dollars ($10) and not more than one
hundred dollars ($100)."

Sec. 15, of Senate Bill 50 (chapter 11, Sess. L. 1915, p. 41),
*inter alia,* provides: "It shall be unlawful for any person,
to import, ship, sell, transport, deliver, receive or have in
his possession any intoxicating liquors except as in this Act
provided." Section 22 of the same act provides: "It shall
be unlawful for any person, firm, company, corporation or
agent to have in his or its possession any intoxicating liquors
of any kind for any use or purpose except the same shall have
been obtained and is so possessed under a permit authorized
by this Act." And section 18 thereof provides: "Any per-
son convicted of violation of any of the provisions of this Act
where the punishment therefor is not herein specifically pro-
vided, shall be punished by a fine of not less than Fifty
($50.00) dollars nor more than Five Hundred ($500.00) dol-
lars, and by imprisonment in the county jail for not less than
thirty days, nor more than six months."

This comparison will show that the ordinance of the city of
Coeur d'Alene is in substance a re-enactment of the provi-
sions of Senate Bill 50, except in the matter of the penalty
fixed for violations. The penalty fixed by the ordinance is
the maximum that can be imposed by a municipality under
the provisions of section 2238k, *supra.*

An examination of sec. 2238k, upon which appellant relies
for its authority to enact the ordinance involved in this ap-
peal and to sustain the conviction of the respondent, will indi-
cate that it does not provide, either in express terms or, as
we view it, by fair implication, that it was the intention of
the legislature to authorize municipalities to enact ordinances
regulating or prohibiting the possession of intoxicating liquor,

declaring the same to be a crime and summarily inflicting punishment therefor.

A municipal corporation possesses only such powers as the state confers upon it, subject to addition or diminution at its discretion.     These powers are conferred by the legislature either under special charter or general law.     It is a well-settled rule of construction of grants of power by the legislature to municipal corporations, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act or derived therefrom by necessary implication, regard being had to the object of the grant.     Any ambiguity or doubt arising out of the terms used by the legislature must be resolved in favor of the granting power.     Regard must also be had to constitutional provisions intended to secure the liberty and to protect the rights of citizens to the end that no citizen shall be deprived of life, liberty or property without due process of law.

Sec. 2238k, *supra*, became a law prior to Senate Bill 50, *supra*, which latter law provides for a general plan or scheme, with the express object in view of the regulation and prohibition of intoxicating liquor and the possession of and traffic in such intoxicating liquor.     From this act it clearly appears that the legislature intended, in order to bring about the more effective enforcement of the prohibitory laws of this state, that jurisdiction to hear and determine all offenses against these prohibition laws should be conferred upon the district courts, and that probate judges, justices of the peace and police judges' jurisdiction should be limited to that of committing magistrates.     This is quite obvious from the express provision that violations of the prohibition laws of this state are made indictable misdemeanors.

While, as before stated, the ordinance, except in the matter of punishment, being in substance a re-enactment of the provisions of Senate Bill 50, might be contended to be in harmony with the state law and therefore not repugnant to sec. 2, art. 12 of the constitution, yet the question of conflict between the ordinance and the provisions of the state law in the matter of punishment is not the serious question involved

in this case. The real question for our determination is one of jurisdiction. That is: Can a municipality confer upon police judges jurisdiction to summarily hear and determine acts denominated by the general law of the state indictable misdemeanors, by the enactment of an ordinance prohibiting such acts and prescribing a punishment therefor?

Sec. 22, art. 5, of the constitution provides: "In each county of this state there shall be elected justices of the peace as prescribed by law. Justices of the peace shall have such jurisdiction as may be conferred by law. . . . . " And sec. 21, art. 5, of the constitution provides that the jurisdiction of probate courts in criminal matters shall be concurrent with justices of the peace. Sec. 8, art. 1, of the constitution provides that "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, *in cases cognizable by probate courts or by justices of the peace,* and in cases arising in the militia when in actual service in time of war or public danger: . . . .. " It will, therefore, be noticed that the jurisdiction of justices of the peace and probate courts is limited under the above constitutional provision to such cases as are by statute made cognizable by such courts. And in all other criminal proceedings probate judges and justices of the peace have jurisdiction as committing magistrates before whom any person charged with a felony or indictable misdemeanor may have or waive a preliminary examination, with power to hold such person for trial to the district court upon indictment thereafter to be found by a grand jury or on information of the public prosecutor.

Sec. 3854, Rev. Codes, limits the jurisdiction of justices' courts to cases of petit larceny, assault and battery, not charged to have been committed upon a public officer in the discharge of his duties, breaches of the peace, riots, affrays, committing a wilful injury to property, and all misdemeanors punished by a fine not exceeding three hundred dollars, or imprisonment in the county jail not exceeding six months, or

by both such fine and imprisonment. That the foregoing section likewise limits the jurisdiction of police magistrates will be seen from sec. 2202, Rev. Codes, which provides: ''The police judge shall have exclusive jurisdiction to hear and determine all offenses against the ordinance of the city, and jurisdiction concurrent with that which is or may be conferred upon justices of the peace, of misdemeanors under the laws of the state, arising within the limits of the city, and shall also have jurisdiction for the examination of offenders against the laws of the state, for offenses arising within the city limits.''

Sec. 7511, Rev. Codes, provides that probate judges, justices of the peace and police magistrates in towns or cities, are magistrates who have power to hold preliminary examinations where persons are charged with felonies or indictable misdemeanors. Thus the jurisdiction of a police judge to try a person charged with having committed a nonindictable misdemeanor under the general laws of the state committed within the city limits, and his jurisdiction to hold preliminary examinations of persons charged with indictable misdemeanors or felonies under the general laws of the state committed within the city limits, is concurrent with that of justices of the peace and probate judges. If it had been the intention of the legislature, under section 2238k, *supra,* to confer power upon municipalities to enact ordinances regulating and punishing indictable misdemeanors and felonies, jurisdiction would not have been conferred, under sec. 2202, Rev. Codes, *supra,* upon police judges to sit as committing magistrates for the examination of offenders against the state laws for offenses arising within the city limits.

Under these constitutional and statutory provisions it will readily be conceded that a person charged with unlawfully having intoxicating liquor in his possession in violation of the provisions of Senate Bill 50, *supra,* would not be subject to trial before a probate judge or justice of the peace for the reason that the penalty prescribed under the statute is in excess of the jurisdiction of these officers, and for the further reason that under the provisions of sec. 8, art. 1, of the constitution,

"No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate."

In the case of *State v. Drury,* 25 Ida. 787, 139 Pac. 1129, in discussing the jurisdiction of probate and justices' courts, this court, *inter alia,* said: "It certainly would not be contended that the crime of 'perjury' could be prosecuted under the laws of this state in the probate court. Perjury being a felony, justices' and probate courts have no jurisdiction to try a person for that crime." And as before seen, sec. 2202, Rev. Codes, limits the jurisdiction of police judges to offenses over which justices' courts have jurisdiction.

In the case of *State v. Anderson,* 40 N. J. L. 224, the court in discussing the validity of an ordinance authorizing municipalities to prosecute offenses subject to prosecution only by indictment found by a grand jury, among other things, said: "The keeping of a disorderly house is a crime indictable at common law, and in this state it is punishable by fine and imprisonment in the state prison. Therefore, it is clear that if this offense can, for the purpose of crimination, trial and punishment, be put into the hands of these municipal authorities, it follows that all common-law offenses of the same grade can be, in like manner, so deposited. This, I think, cannot be conceded. Such an arrangement would, in a very plain way, infringe an important provision of the constitution of this state. Article I, section 9, of that instrument declares that 'No person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, except in cases of impeachment, or in cases cognizable by justices of the peace,' etc. The purpose of this clause was to prevent the bringing of any citizen under the reproach of being arraigned for crime before the public, unless by a previous examination taken in private, the grand inquest had certified that there existed some solid ground for making the charge. It took from the law officer of the state, the attorney general, one of the established prerogatives of his office: that of filing his information against supposed offenders, and thus

putting them on trial at his own volition. The reputation of every man was thus put under the care of a single specified body. The language of the constitutional clause is very comprehensive, and the specified exceptions show conclusively that it was intended to cover the residue of the entire field of criminal accusation. In the presence of such a prohibition, how, then, is it permissible to put a man on trial before a city court, charged with this common-law offense, without the preliminary sanction of a grand jury? If it be said the punishment is only a fine, the answer is, the restraining clause in question has nothing to do with the result or effect of the trial, its object being to save from the shame of being brought before the bar of a criminal court, except in the authorized method after an antecedent inquisition. I am clearly of opinion that a trial of a person for this offense before the municipal court would be an act utterly void." (See, also, *Slaughter v. People,* 2 Doug. (Mich.) 334.)

We are fully satisfied that it was not the intention of the law-making power of this state to authorize municipalities to prohibit, by ordinance, acts which, under the general laws of the state, are made indictable misdemeanors and to inflict punishment for the commission thereof, and that the legislature is prohibited, by sec. 8, art. 1, of the constitution, from conferring such authority upon them. To hold otherwise would be to concede that police magistrates have unlimited jurisdiction in all criminal matters, and that municipalities could by ordinance punish acts which, under the general laws, are felonies, such as murder, robbery, burglary, etc., and also indictable misdemeanors, which would be in violation of the constitution and statutes of this state. (*Walsh v. City of Union,* 13 Or. 589, 11 Pac. 312; *Jefferson City v. Courtmire,* 9 Mo. (692) 403.)

We have, therefore, reached the conclusion that the police judge in the case at bar was without jurisdiction except as a committing magistrate; and that the ordinance of the city of Coeur d'Alene attempting to confer jurisdiction upon the police magistrate to summarily try the defendant and inflict punishment for an act which, under the state law, constitutes an indictable misdemeanor, is null and void.

It was the duty of the police magistrate in this case, by reason of the fact that his jurisdiction is concurrent with that of probate courts and justices of the peace of offenses committed within the city limits against the state law, with reference to which a municipality has no power to legislate, to have proceeded to hold a preliminary examination under the provisions of secs. 7565–7589, Rev. Codes; and if the evidence warranted, to hold the defendant to answer to the district court. The defendant had a constitutional right to a preliminary examination, unless he expressly waived the same, before he could lawfully be placed upon trial for the offense with which he was charged.

The question of jurisdiction of the police magistrate was not raised before the trial court in this case, and we have not been favored with a brief on behalf of the defendant. Neither does the brief of the city attorney furnish us with any authorities upon this question. But we are thoroughly satisfied that the enforcement of the criminal law of this state, not only with reference to the unlawful possession of intoxicating liquor, but all other criminal offenses, can be best secured by a strict adherence to our constitution and statutes conferring jurisdiction upon the respective courts which are authorized to enforce such laws, and the rights of defendants will be properly safeguarded under a uniform and orderly procedure with a trial by jury and under proper instructions.

The district court did not acquire jurisdiction in this case and properly, of its own motion, discharged the defendant and exonerated his bondsmen. However, we are inclined to the opinion that the trial court should in the first instance have directed the prosecuting attorney to proceed with the preliminary examination in the magistrate's court.

Order and judgment affirmed.

Sullivan, C. J., and Morgan, J., concur.