[No. 2229]

## In the Matter of the Application of JOHN MURRAY for a Writ of Habeas Corpus.

[157 Pac. 647]

1. INDICTMENT AND INFORMATION—COMPLAINT—INFORMATION AND
   BELIEF—WAIVER OF DEFECT.
      The defect that a complaint, charging the relator with a
   misdemeanor, was insufficient because purporting to be made
   upon information and belief, instead of upon positive knowl-
   edge, was not jurisdictional, and was waived by relator by
   pleading to the complaint without making an objection upon
   the ground assigned.

2. HABEAS CORPUS—REGULARITY OF CONVICTION—PRESUMPTION.
      On *habeas corpus* to secure the release of one convicted of
   a misdemeanor in district court on appeal from justice court,
   it will be presumed that the proceedings in the district court
   were in every way regular until the contrary is made affirma-
   tively to appear.

ORIGINAL PROCEEDING. In the matter of the application
of John Murray for a writ of *habeas corpus*. **Proceeding
dismissed.**

*William Forman,* for Petitioner:

Neither the justice court nor the district court had
jurisdiction over the defendant, the judgment of con-
viction against him is void, and he should be released
under this proceeding from his illegal restraint.

The complaint upon which petitioner was convicted in

the lower court does not comply with the provisions of section 7472, Revised Laws, and is violative of the provisions of article 4 of the amendments to the constitution of the United States, as well as of article 1, section 18, of the constitution of the State of Nevada, in that it is not positively verified, but sworn to on "information and belief."

The statutes of Nevada make a distinction between where a complaint is for a felony and where it is for a misdemeanor. In the former, a complaint sworn to may be upon "the knowledge, information, or belief of the party making the same." (Rev. Laws, 6930.) This is held sufficient where the charge was a felony. (*Ex Parte Buncel*, 25 Nev. 426.) Where the alleged offense is a misdemeanor, the complaint must be in writing, and it must be sworn to. "The affidavit or complaint must show all the facts which the statute renders necessary to give the magistrate jurisdiction. According to the rule of the common law, a summary conviction is illegal and absolutely void unless based upon a complaint in writing and verified by oath." (12 Cyc. 323; *Salter* v. *State*, 25 L. R. A. n. s. 60.)

*Geo. B. Thatcher*, Attorney-General, and *J. A. Sanders*, District Attorney, for Respondent:

The writ of *habeas corpus* is not designed for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error. And where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the judgment, and the judgment is void and not merely voidable, relief cannot be had by *habeas corpus*, however numerous or gross may have been the errors committed during the trial or in the proceedings preliminary thereto. Petitioner, having put his motion in the district court to dismiss the complaint filed against him in the justice court on the grounds and reasons set forth in his application for the writ in this proceeding, has clearly failed to raise a jurisdictional question, and

therefore his remedy is by appeal. There being no appeal in this case, the writ should be denied. (*Ex Parte Talley*, 112 Pac. 36; *Ex Parte Winston*, 9 Nev. 71; *Ex Parte Gafford*, 25 Nev. 101.)

The record shows that petitioner failed and neglected to direct the court's attention to the point made in his application for this writ, and has waived the question of jurisdiction. (*Ex Parte Talley, supra; In Re Kummings*, 66 Pac. 332; *State* v. *Barr*, 38 Pac. 289; *Lewis* v. *State*, 17 N. W. 366; *State* v. *Harris*, 61 N. W. 871; *State* v. *McLain*, 102 N. W. 407.)

The complaint in the lower court was in all respects sufficient. If the words "on information and belief" are objectionable, they are so only upon the grounds of redundancy, and in no way affect the body of the complaint or work any prejudice to the petitioner. (Rev. Laws, 7060; *Brown* v. *State*, 21 N. W. 454.)

If, after striking these so-called objectionable words from the complaint, enough remains to constitute a valid charge of the offense, the complaint will be sustained. (22 Cyc. 367, 368, 369; 37 Cyc. 614.)

Time is not an essential ingredient of the offense charged. It was alleged to show that the prosecution was not barred by the statute of limitations. The precise time at which an offense was committed need not be stated in the indictment, except when the time is a material ingredient of the offense. (Rev. Laws, 7055; *Brown* v. *State*, 21 N. W. 454.)

The statement is required to be in writing, but it is not a requirement of the statute that it be made on the personal knowledge of the person so making it. Any other construction of the statute would make the execution of the criminal law impracticable, if not impossible, and permit many offenders to escape from justice. (*State* v. *Davey*, 62 Wis. 305; *Ex Parte Blake*, 102 Pac. 269.)

By the Court, Coleman, J.:

This is an original proceeding in *habeas corpus*. A complaint was filed against the petitioner in the justice

court of Tonopah township, in words and figures as follows:

"Personally appeared before me, this 1st day of March, A. D. 1916, John Artoocovich, of Tonopah, in the county of Nye, State of Nevada, who, upon information and belief, complains and says that John Murray, of Tonopah, on or about the 10th day of November, A. D. 1915, and before the filing of this complaint, in the town of Tonopah, in said county of Nye, State of Nevada, did then and there unlawfully take and receive of and from John Artoocovich $10 lawful money of the United States, while employed as a laborer at the Tonopah Extension Mining Company, a corporation, as the price and condition of the continuance in employment of said Artoocovich at said mine as laborer therein, he, the said John Murray, being then and there foreman of said mining company charged and intrusted with the continuance of the said John Artoocovich in the employment of said mining company, all of which is contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the State of Nevada. Said complainant therefore prays that a warrant may be issued for the arrest of the said John Murray, and that he may be dealt with according to law.

"John Artoocovich.

"Subscribed and sworn to before me this 1st day of March, A. D. 1916.                    H. Dunseath,

"Justice of the Peace of said Township."

Petitioner was arrested and put on trial in the justice court upon said complaint, before a jury, and upon conviction was fined in the sum of $300, and sentenced to serve six months in jail. From this judgment he appealed to the district court, where he was tried before a jury and found guilty; and a motion for a new trial, as well as a motion in arrest of judgment, having been denied, judgment was passed by the court, adjudging that petitioner pay a fine of $300 and serve six months in the county jail.

It is contended by petitioner that neither the justice court nor the district court acquired jurisdiction to hear and determine the charges against him, for the reason

that the complaint is not in compliance with the fourth amendment to the constitution of the United States, or section 18, article 1, of the constitution of the State of Nevada, or with section 7472 of the Revised Laws of Nevada, in that it is made upon information and belief, instead of upon the positive knowledge of complainant. Counsel for petitioner relies with great confidence upon the case of *Salter* v. *State*, 2 Okl. Cr. 464, 102 Pac. 719, 25 L. R. A. n. s. 60, 139 Am. St. Rep. 935, to sustain his contention.   While it is true that that case does sustain the contention of counsel, the decision was reversed in *Ex Parte Talley*, 4 Okl. Cr. 398, 112 Pac. 36, 31 L. R. A. n. s. 805, where the authorities were reviewed at length.   The court said:

"The requirement being that the verification shall be in positive terms, it follows that a verification on information and belief, as were many of those in the cases cited above, so far as a compliance with the law is concerned, is the same as and no better than no verification at all, and leaves the information as vulnerable as though no pretense at verifying it had been made; and therefore, if the information be not void in the first-mentioned case, it is not void in the latter.   Also, if the defectiveness of a verification or the total want of one is waived by pleading to the information without moving to quash or set the same aside, then certainly the information cannot be void on that account, nor the court without jurisdiction; for all agree that jurisdictional matters may be raised even for the first time in the appellate court. And every time a court has sustained a conviction based upon an information not verified or defectively verified, it has thereby said that such defect was not jurisdictional. The record before us does not disclose whether the petitioner raised this question below, and, for the purposes of this case, whether he did so or not is immaterial, for if he filed a motion to quash the information and the court overruled the same, the court committed error; but it was only error, and the court had as much jurisdiction after committing the error as it had before.   The petitioner's proper remedy was by appeal or writ of error.

In that way only could the error be corrected. We are aware that in *Salter* v. *State*, 2 Okl. Cr. 464, 102 Pac. 719, 25 L. R. A. n. s. 60, 139 Am. St. Rep. 935, this court held that such a defect might be raised by a demurrer or an objection to the introducing of evidence, and that an information, verified only on information and belief, is insufficient to support a judgment of conviction. But upon further consideration we now hold that such an information will support a conviction; that the proper and only manner to raise the question of verification is by motion to quash or set aside the information on that ground, and that if no such motion be filed and presented before pleading to the information, the defect is waived. And *Salter* v. *State, supra,* in so far as it is in conflict with this holding, is hereby overruled."

In *Dowdell* v. *United States*, 221 U. S. 325, 31 Sup. Ct. 590, 55 L. Ed. 753, it is said:

"Objections are made as to want of proper arrest and preliminary examination of the accused before a magistrate, and that the information was not verified by oath or affidavit. If tenable at all, no objections of this character appear to have been made in due season in the court of first instance. Objections of this sort must be taken before pleading the general issue by some proper motion or plea in order to be available to the accused. (1 Bish. Crim. Proc. sec. 730.)"

The objection that the justice of the peace did not acquire jurisdiction for the reasons stated was made for the first time after the case had been appealed to the district court, but it nowhere affirmatively appears that that objection was made prior to arraignment upon the complaint and pleading thereto in the district court.

1. We are of the opinion, from a consideration of the authorities, that the defect complained of is not jurisdictional, and that it was waived by defendant by pleading to the complaint without making an objection upon the grounds assigned in this court. An objection of this kind must be made at the first opportunity.

2. It is suggested that our statute provides that in a

misdemeanor case which is appealed to the district court the defendant may move to dismiss the case for certain reasons (Rev. Laws, 7517, 7518), and the fact that defendant made such a motion in the district court is of importance in the consideration of this matter. We are unable to see in what way that can affect the situation as it is presented here. If the point were of any consequence at all, the fact that it does not affirmatively appear that such motion was made prior to the arraignment of and pleading by the defendant obviates the necessity of a consideration of the point. It will be presumed that the proceedings in the district court were in every way regular.

It is the order of the court that the proceeding be dismissed.

NORCROSS, C. J.: I concur.

McCARRAN, J., concurring in the order:

I concur in the order, because I believe that the writ should be denied for other reasons than those set forth in the opinion of Mr. Justice COLEMAN.

Section 7517, Revised Laws, applicable to criminal cases appealed from the justice court to the district court, provides:

"The complaint, on motion of defendant, may be dismissed upon the following grounds:

"1. That the justice did not have jurisdiction of the offense;

"2. That more than one offense is charged therein;

"3. That the facts stated do not constitute a public offense."

Section 7518, Revised Laws, provides:

"If the defendant does not object to the complaint for any of the causes above specified, or if his objections are overruled, he must be required to plead as to an indictment without regard to any plea entered before the justice. In other respects, the proceedings shall be the same as in criminal actions originally commenced in

the district court, and judgment shall be rendered and carried into effect accordingly."

It appears from the record that after the appeal was perfected to the district court, and before proceeding to trial, the petitioner interposed and filed objections to the complaint under the provisions of sections 7517 and 7518, Revised Laws. In view of this fact, and in the light of the statute as set forth in section 7518 of the Revised Laws, can we safely say that petitioner waived his objection, when in due time in the district court, after appeal to that tribunal, he interposed this objection? I think not.

. The case of *Dowdell* v. *United States*, cited and quoted from in the prevailing opinion, cannot be said to be in point nor an authority in this case, in view of section 7518 of our statute.

In the light of the provisions of our code, the case of *Ex Parte Talley*, 3 Okl. Cr. 398, 112 Pac. 36, 31 L. R. A. n.s. 805, cannot avail to support the conclusions reached in the prevailing opinion. The Supreme Court of Oklahoma, in the Talley case, said:

"The proper and only manner to raise the question of verification is by motion to quash or set aside the information on that ground, and that if no such motion be filed and presented before pleading to the information, the defect is waived."

By the section of our statute quoted above, the right was specifically afforded petitioner to challenge the sufficiency of the complaint in the district court for the first time. Petitioner appears to have availed himself of this right, and interposed his objections under the sections of the statute quoted. Under our constitutional provision, the district court was the court of last resort in this case. Petitioner could not avail himself of the privilege of appeal as suggested in the Talley case.

The prevailing opinion concludes the rights of petitioner here, for the reason that, notwithstanding the fact of his having interposed his objections under section 7518 before proceeding to trial in the district court, he was guilty of

waiver because he failed to interpose these objections in the justice court. I am unable to see how this conclusion can be arrived at while section 7518 remains a part of our criminal procedure. There was undoubtedly ample reason for the enactment of this statute having to do with criminal cases on appeal from the justice court. A justice of the peace is not required to be, nor is he presumed to be, versed or trained in the law. The legislature, in its wisdom, provided by these statutory enactments that the complaint filed against a party in the justice court might be challenged in the district court, where the challenge was based upon grounds requiring the application of the technical rules and principles of the law. Just as the statute provides that the proceedings in the district court shall be a trial anew, so, in furtherance of that principle, it provides that these certain objections going to the legality of the proceedings might be raised for the first time on appeal in the district court. I fear we are establishing a dangerous precedent when we hold the petitioner guilty of a waiver for not having presented his objections in the justice court. Section 7518 must be given its full force and effect, and its language is plain and unmistakable. Petitioner appears to have availed himself of the provisions of this section. As I view this statute, it was not necessary for these objections to be raised for the first time in the justice court. Petitioner could not, in my judgment, be guilty of a waiver, when he raised his objections under the provisions of this section in the district court on appeal.