220 P.2d 386

**STATE v. POYNTER.**

No. 7582.

Supreme Court of Idaho.

May 18, 1950.

Rehearing Denied July 10, 1950.

439

Robert E. Smylie, Atty. Gen., and J. R. Smead, Asst. Atty. Gen., for respondent.

440

Walter H. Anderson, Pocatello, for appellant.

KEETON, Justice.

Defendant Poynter (appellant here) was charged in police court with the crime of driving an automobile on the streets of Pocatello while under the influence of intoxicating liquor, the charging part of the complaint being as follows: "That the said Forest Lee Poynter did, on or about the 3 day of March, 1949, at Lewis & Railroad Ave. in the City of Pocatello, State of Idaho, wilfully and unlawfully and in violation of Revised City Ordinance 7-402, operate an automobile bearing License No. 1B 5958 Idaho 48 while under the influence of intoxicants."

On arraignment in police court, appellant pleaded not guilty, was tried and found guilty. On appeal to the district court of Bannock County, he was tried anew on April 16, 1949, and again found guilty. Appellant made motions in arrest of judgment and for judgment notwithstanding the verdict, which the court denied, and was sentenced to pay a fine of $100.00. From the judgment of conviction in the district court he appealed.

Appellant assigns error and contends:

The ordinance under which the proceedings were had is invalid, unconstitutional and void and there is no authority for a municipality to pass such an ordinance since the state laws of the State of Idaho have covered the entire field attempted to be covered by the ordinance.

The City of Pocatello is a municipal corporation of the first class so declared by proclamation dated February 4, 1921, and possesses the power of cities and villages and such additional power as has been conferred upon it by law. Art. 12, Sec. 2, of the Idaho Constitution provides: "Any county or incorporated city or town

may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

Sec. 50-130, Idaho Codes, grants municipal corporations the following right: "* * * to control and limit the traffic on streets, avenues and public places; * * *"

Sec. 49-202, I.C., Uniform Motor Vehicle Act, provides: "* * * nor shall this chapter be construed so as to prevent cities and incorporated villages of this state from enacting and enforcing general ordinances prescribing additional rules and regulations as to the speed or manner of driving or operating motor vehicles on any of the streets of such cities or villages, * * *."

Sec. 50-1109, I.C., is a general grant of power for the enactment of ordinances in cities that are not inconsistent with the laws of the state.

Driving a motor vehicle on any highway within this state while under the influence of intoxicating liquor is made an offense under the state law. Sec. 49-502, I.C.

The ordinance under which the prosecution was had is in substance the same as Sec. 49-502, I.C., and under the state laws, the offense is a misdemeanor triable in the probate or justice courts, and the ordinance in question does not conflict, nor is it inconsistent with the state statute.

The state and a municipal corporation may have concurrent jurisdiction over the same subject matter and in which event the municipality may make regulations on the subject notwithstanding the existence of state regulations thereon, provided the regulations or laws are not in conflict.

The mere fact that the state has legislated on a subject does not necessarily deprive a city of the power to deal with the subject by ordinance. 43 C.J., § 217, page 214; 62 C.J.S., Municipal Corporations, § 143, page 286; State v. Preston, 4 Idaho 215, 38 P. 694; State v. Musser, 67 Idaho 214, 176 P.2d 199; State v. Romich, 67 Idaho 229, 176 P.2d 204.

A municipal corporation may exercise police power on the subjects connected with municipal concerns, which are also proper for state legislation.

We therefore conclude that under the constitutional provision and legislative acts and authorities above quoted, the City of Pocatello had authority to enact and enforce the ordinance in question.

The second contention of appellant is that the purported complaint on which the proceedings were had was signed by an officer and left at the police station the night the appellant was arrested and was not signed and verified before the police judge. Hence, the proceedings thereafter had were void.

442

The complaint is regular on its face. The appellant made no preliminary motion to quash the complaint and entered a plea of not guilty. The attack on the complaint, if any, should have been made prior to the plea by motion to quash, or dismiss, or other appropriate proceedings, and the matter complained of should have been called to the attention of the police or district judge.

No objection to the complaint having been made, no motion to quash, and no showing made as to the matters complained of, defects in the complaint, if any, were waived. Further, there is nothing in the transcript that definitely establishes that the officer did not appear before the magistrate. If we assume he did not, the same cannot be taken advantage of after conviction. State v. Clark, 4 Idaho 7, 35 P. 710; State v. Collins, 4 Idaho 184, 38 P. 38; In re Marshall, 6 Idaho 516, 56 P. 470; In re Bates, 63 Idaho 748, 125 P.2d 1017; Ex parte Murray, 39 Nev. 351, 157 P. 647; State v. Holt, 47 Nev. 233, 219 P. 557.

Appellant contends that no judgment was entered in the police court for which reason the district court never acquired jurisdiction to try him or to render judgment, or impose sentence. The docket entry of the police judge shows that the defendant entered a plea of not guilty, was found guilty and fined $100.00 and driver's license revoked for one year. This must be the judgment from which the appellant appealed. The penalty in the ordinance does not provide for the revocation of the driver's license, but as the case was tried anew in the district court, the action of the police judge in this regard is not before us for review. The appeal here taken is from the judgment imposed by the district judge. We conclude that the district court had jurisdiction.

The appellant's fourth proposition submits that error was committed in admitting the ordinance in evidence. The Revised Ordinances of the City of Pocatello (State's exhibit "A") was admitted, which book contains the ordinance under which appellant was prosecuted. In addition, the ordinance as certified by the city clerk and mayor was admitted. The proceedings followed to prove the ordinance were the same as approved in City of Idaho Falls v. Grimmett, Simpson et al., 63 Idaho 90, 117 P.2d 461.

Sec. 50-2005, I.C., provides: "All ordinances shall be passed pursuant to such rules and regulations not inconsistent with the general laws relating thereto as the council or board of trustees may provide; and all such ordinances may be proved by the certificate of the clerk under the seal of the city or village, and when printed or published in book or pamphlet form by authority of the city or village, shall be read and received in evidence in all courts and places without further proof."

The ordinance book, certified copy of the ordinance and other proof admitted, constitute prima facie evidence that the ordinance was in effect. State v. Clark, 47 Idaho 750, 278 P. 776.

Appellant complains that after the state rested its case, on motion of the city attorney, the judge permitted the case to be re-opened and further evidence introduced. The re-opening of the case and admission of further evidence was discretionary with the trial court.

Appellant further contends that at the time of the arrest he was taken to jail and confined without any warrant of arrest, or for any crime that had been committed in the presence of any officer, and that such arrest was illegal and void, and therefore by innuendo he could not be prosecuted. Where the accused is personally before the court, the jurisdiction of the court to try him is not impaired by the manner in which he is brought before the court.

The remedy of the appellant, if any, does not go to the limits of the prosecution, and has no bearing on the question of whether he is guilty or innocent, and such illegal arrest, if it was, is no reason why he should not answer the charge against him when brought before a tribunal having jurisdiction. The manner of arrest is not cause for exemption from prosecution and it follows that he is not wronged by being subjected to the jurisdiction, even if his detention in the first instance was unlawful. If the means of arrest were unlawful it could not be chargeable to the state sovereignty, and would furnish no reason for discharging the prisoner and not proceeding with the prosecution. In re Moyer, 12 Idaho 250, 85 P. 897, 12 L.R.A.,N.S., 227, 118 Am.St. Rep. 214.

We find no reversible error. Judgment is affirmed.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.

On Petition for Rehearing

KEETON, Justice.

Appellant, Poynter, has filed a petition for rehearing in which he asserts: "that the Court committed an error in holding that the city ordinance involved herein was valid, as the great weight of authority is against the validity of any city ordinance upon a subject the entire field of which has been covered by State law;" and further asserts: "it will be observed in reading the State statute that for the first offense the punishment is not less than thirty days nor more than six months in jail, or fine of not less than $100.00 nor more than $300.00 * * * and upon the second conviction the convicted party shall undergo imprisonment in the State penitentiary * * * for not less than two nor more than five years; * * *". Further, "* * * a municipal ordinance

cannot provide for the punishment of felonies under State law;", claiming among other things that the decision overrules State v. Frederic, 28 Idaho 709, 155 P. 977.

The appellant admits that there is a conflict of authority on the question presented and asks this Court not to follow what he designates the minority rule.

Conceding that there is some conflict in the authorities, the rule announced in the decision follows precedents long established in Idaho, and is not a case of first impression here.

In the early case of State v. Preston, 4 Idaho 215, 38 P. 694, 695, the defendant was charged with the crime of vagrancy in violation of a city ordinance. The defendant contended: "that towns and villages cannot punish for vagrancy, for the reason that the crime is punishable under the Penal Code * * *."

To support this contention, he cited In re Sic, 73 Cal. 142, 14 P. 405. This Court speaking by Judge Sullivan refused to follow the California reasoning, and said: "This decision [In re Sic, supra] has been reaffirmed in several subsequent decisions of the supreme court of that state. Those decisions seem to proceed upon the theory that to permit towns and villages to punish for offenses that are punishable under the penal statutes of the state would be contrary to that provision of the constitution which provides that no one shall be twice put in jeopardy for the same offense, and hold such ordinances void for that reason, or as in conflict with the statutes providing punishment for the same offense. In the case last above cited the court says: 'The decisions on this question are so very conflicting that they present no obstacle to our considering it as a new one,' etc., and proceeds to consider it as a new one, and hold such ordinances void. After carefully considering the authorities on both sides of this question, I find that the clear weight of authority and reason is against the rule adopted by the supreme court of California, and conclude that said ordinance is valid, and should be sustained, and cite in support thereof a few of the authorities which sustain our position:" (citing numerous authorities).

In the case of State v. Quong, 8 Idaho 191, 67 P. 491, 492, defendant was charged with battery, and contended: "that inasmuch as battery is a crime under the general criminal statutes of this state, the municipality cannot enact an ordinance making it a crime * * *, as the ordinance conflicts with the general law of the state."

This Court, speaking through Chief Justice Quarles, 8 Idaho at page 194, 67 P. at page 492, said: "The ordinance is not in conflict, but in harmony, with the general law. The authority of the city to enact police regulations, and to enforce them, where they do not contravene any general law of the state, is, under the provisions of our constitution, beyond question. The

municipal government may not take from the citizen any constitutional right,—has no power to do so,—yet by the express provisions of section 2, art. 12, the power to make and enforce sanitary and police regulations is expressly given to cities and towns. The object of the provision is apparent, its necessity urgent. * * * This question was settled, so far as judicial action is concerned, in the case of State v. Preston, 4 Idaho 215, 38 P. 694, 695, where the same question here urged was raised, and decided adversely to appellant's contention."

In the case of State v. Musser, 67 Idaho 214, 176 P.2d 199, 201, this Court speaking through an opinion written by Justice Budge, held as follows: "Under the above constitutional provision [Section 2, Article 12 of the Constitution] counties, cities and towns have full power in affairs of local government notwithstanding general laws of the state defining and punishing the same offense."

An ordinance of the city of Boise prohibiting the carrying of concealed weapons was held to be within the police power of the municipality and constitution, even though the general laws of the state, Sec. 17-3102, I.C.A., now Sec. 18-3302, I.C., had covered the same subject matter. State v. Hart, 66 Idaho 217, 157 P.2d 72.

In the case of Clark v. Alloway, 67 Idaho 32, 170 P.2d 425, an ordinance of the city of Boise defining vagrancy was upheld even though the state had by general law legislated on the subject matter.

The rule adhered to is stated in 19 Ruling Case Law, page 804, Sec. 111. After recognizing a conflict in the authorities and citations supporting the same, the author said: "In other states it is held that under a general delegation of power a municipal corporation may impose penalties for acts which by the statutes of the state are declared to be crimes. An ordinance enacted in pursuance of express authority to legislate upon a particular subject is generally held to be valid, though there are statutes covering the same subject; * * *".

In Re Henry, 15 Idaho 755, at page 759, 99 P. 1054, at page 1055, 21 L.R.A.,N.S., 207, this Court, speaking through Justice Ailshie, recognizing the rule that cities and villages might legislate on a subject matter covered by general statute said: "The state of facts on which the conviction was had in the police court and in the justice's court was the same, and the two prosecutions involved the same transaction. The first prosecution, however, in the police court, was for the violation of a city ordinance. The second prosecution had in the justice's court was for violation of the state statute defining petit larceny and providing a punishment therefor. * * * A conviction for violation of a city ordinance, although covering the same state of facts, is not a defense to a prosecution under the

446

state statute." and cited with approval State v. Preston, supra, and State v. Quong, supra.

The case of State v. Frederic, 28 Idaho 709, 155 P. 977, is not in conflict with the view above expressed. In the latter case, the city attempted to legislate on a subject matter not coming within the jurisdiction of justice, probate or police courts, and this Court held: "A municipality has no power to confer upon police judges jurisdiction to summarily hear and determine acts denominated by the general law of the state as 'indictable misdemeanors' by the enactment of an ordinance prohibiting such acts and prescribing a punishment therefor."

The decision in the case before us does not overrule or set aside that holding.

Appellant further contends that a municipal ordinance cannot provide for the punishment of felonies under state law. With this contention we agree. The appellant, Poynter, was not charged with a felony or an indictable misdemeanor under state law, or a "second offense" prescribed by Sec. 49-561, I.C., and as pointed out in the original opinion, the crime with which he was charged was cognizable in justice, probate and police courts.

Whatever the rule may be elsewhere, it has long been the rule in Idaho that the fact that an ordinance covers the same offense as the state law does not make it inconsistent or in conflict therewith, or invalid for that reason.

In upholding the validity of the ordinance challenged here, this Court is not establishing a new precedent, or deciding a matter of first impression, but is simply following a long line of prior decisions by this Court. Petition for rehearing is denied.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.