612 P.2d 1197

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Heidi HANSEN, Defendant-Appellant.**

**No. 13345.**

Supreme Court of Idaho.

June 24, 1980.

---

Heidi Hansen, pro se.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Howard Carsman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

Terry L. Crapo of Holden, Kidwell, Hahn & Crapo, Idaho Falls, for amicus curiae Ricks College.

BISTLINE, Justice.

The appellant challenges her traffic court conviction, as she states it, "on the grounds that under the Establishment Clause of the First Amendment to the Constitution of the United States and under Article Nine, Section Five, of the Idaho State Constitution, the [Ricks College Security] guard did not have the jurisdiction and authority to issue the citation on a Rexburg City Street." In her brief appellant states succinctly and well the background of the controversy:

"On September 24, 1978, Defendant was issued a traffic citation by Stanley Carpenter (hereinafter the Guard), a Campus Security Guard employed and paid by Ricks College (owned and operated by a religious organization). The Guard's immediate superior is the Director of Safety and Security of Ricks College. The Guard is solely responsible to his immediate superior.

"The citation stated that Defendant had violated Idaho Code Section 49–681(2) by driving 42 MPH in a posted 25 MPH zone on a Rexburg, Idaho street bordering the Ricks College Campus.

. . .

"Defendant was found guilty before the Honorable Jerry D. Reynolds, Magistrate, on November 2, 1978. This conviction was affirmed by the Honorable Arnold T. Beebe, District Judge, in a decision issued on March 30, 1979. Defendant does not seek to contest the validity of the traffic citation on the merits."

The sole issue presented on appeal, again as stated in appellant's brief:

"Has the City of Rexburg violated the Establishment Clause of the First Amendment of the Constitution of the United States and Article Nine Section Five of the Constitution of the State of Idaho by granting City police authority to a Security Guard employed, paid by, and solely responsible to Ricks College, a private school owned and operated by a religious organization, The Church of Jesus Christ of Latter-Day Saints?"

Although the respondent, State of Idaho, discusses the constitutional issue at length, and we have also been favored with an

*amicus curiae* brief on behalf of Ricks College, prior decision law controls our disposition where the appellant does not challenge the jurisdiction of the court wherein she was tried and convicted nor the validity of the ordinance which made it unlawful for her to drive faster than 25 m. p. h.

■ Her sole claim is that the City of Rexburg acted unconstitutionally in granting city police authority to the security guards employed by Ricks College, one of whom charged her with speeding. In other words, her contention is, as this Court said in *State v. Poynter*, 70 Idaho 438, 220 P.2d 386 (1950), by reason of such void conduct on the part of the city and the charging officer, "therefore by innuendo he [(she)] could not be prosecuted." *Id.* at 443, 220 P.2d at 390. In that case the defendant had been arrested. To the contention that the arrest was illegal, the Court said that any remedy of the defendant did not go to the limits of the prosecution, and "has no bearing on the question of whether he is guilty or innocent," and provided "no reason why he should not answer the charge against him when brought before a tribunal having jurisdiction." *Id.* at 443, 220 P.2d at 390.

Earlier, in the case of *In re Moyer*, 12 Idaho 250, 85 P. 190 (1906), where a defendant complained in habeas corpus proceedings that he had been unlawfully abducted and transported to Idaho:

"The wrongful or unlawful means employed in making an arrest, however criminal they might be, could not be chargeable to the sovereignty, which can commit no crime, but would be the crime of the individual who committed the act and would furnish no reason or justification for discharging the prisoner when brought before the court. If, therefore, a crime should be committed by any person in abducting, apprehending or arresting the accused, such person may be held to

answer in the proper jurisdiction for the commission of the offense. But the commission of the latter offense does not expiate the former." *Id.* at 261–62, 85 P. at 901.

In *Anderson v. Foster*, 73 Idaho 340, 252 P.2d 199 (1953), Mrs. Anderson was arrested on a charge of assault and battery, imprisoned, pleaded guilty, paid her fine, and then released. Claiming that her arrest was illegal and her detention wrongful, she brought suit seeking redress for the manner in which she had been treated, but never claimed that such exonerated her from prosecution for her own offense.

We think the law is well settled that appellant cannot void her conviction on the contention stated. In addition to our own decisions, one text states the rule to be that "if a defendant is physically before the court on an accusatory pleading, either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of the original arrest is immaterial, even though seasonably raised, as regards the jurisdiction of the court to proceed with the case." 21 Am.Jur.2d *Criminal Law* § 380 (1965). *In re Moyer, supra*, is cited in the note to that section, which note advises also that that case was affirmed on appeal to the Supreme Court of the United States, *Moyer v. Nichols*, 203 U.S. 221, 27 S.Ct. 121, 51 L.Ed. 160 (1906).

■ Just recently in *State v. Watson*, 99 Idaho 694, 587 P.2d 835 (1978), we reaffirmed the above statement in *State v. Poynter*, 70 Idaho 438, 443, 220 P.2d 386, 390 (1950), that "[w]here the accused is personally before the court, the jurisdiction of the court to try him is not impaired by the manner in which he is brought before the court." Holding that proposition applicable to this appeal, we affirm the district court appellate decision which earlier up-

held the defendant's speeding conviction on other grounds.[1]

Affirmed.

DONALDSON, C. J., and SHEPARD, BAKES and McFADDEN, JJ., concur.

1. The district court held that the Establishment Clause of the First Amendment to the United States Constitution was not violated by the City of Rexburg's delegation of city police powers to employees of Ricks College.