176 P.2d 204

## STATE v. ROMICH.
### No. 7308.

Supreme Court of Idaho.
Dec. 18, 1946.

Charles F. Reddoch and James H. Hawley, both of Boise, for appellant.

Frank Langley, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Blaine, Pros. Atty., and C. Stanley Skiles, City Atty., both of Boise, for respondent.

MILLER, Justice.

January 14, 1946, Tom Romich, the appellant, was charged with the sale of intoxicating liquor in violation of Section 4-804 of the Boise City Code, and deposited a cash bond in the sum of $500 for his appearance for trial. The complaint is entitled, "In the Police Court, Boise City, County of Ada, State of Idaho." The style of the complaint is, "The State of Idaho, plaintiff, v. Tom Romich, defendant." The charging part of the complaint is as follows: "That John Doe (Tommie) of Boise City, Idaho, on or about the 14 day of January, 1946, did commit the crime of misdemeanor by then and there being, did wrongfully and unlawfully then and there Sell intoxicating liquor contrary to Article 4-804, Sec. 3, Ord. 1668 of Boise city code." The conclusion, in part, recites, "All of which is contrary to the form of the ordinance of said Boise City in such cases made and provided, and against the peace and dignity of the State of Idaho."

The appellant interposed a demurrer asserting that the complaint did not state an offense under Section 4-804 or any other ordinance of Boise City; that Section 4-804 of Boise City Code is unconstitutional, illegal and void in that it is in violation of Sec. 26, Article III, of the Constitution of Idaho; that Sec. 4-804, as amended, is in

violation of and inconsistent with paragraph 2, Sec. 19, Article III, of the Idaho Constitution; and that said Sec. 4-804 is inconsistent with and contrary to the general laws of the State of Idaho in respect to the control, sale and consumption of intoxicating liquors enacted pursuant to Section 26, Article III, aforesaid. The demurrer was overruled by the City Magistrate; appellant then plead not guilty, and thereafter, on January 23, 1946, appellant was tried, adjudged guilty as charged, and was sentenced to pay a fine of $300, and to be imprisoned in the city jail for thirty days. Appellant gave notice of intention to appeal, and February 1, 1946, after service thereof, filed notice of appeal to the District Court of Ada County. The appeal is from the judgment. April 1, 1946, the general and special demurrers of appellant in District Court were overruled, and the case was set for trial for April 17, 1946. April 2, 1946, appellant served and filed "Motion and Request for Jury Trial." Said motion, among other things, asserts that under the Constitution of Idaho appellant is entitled to have the cause tried before a jury in like manner as misdemeanor cases under the statutes of Idaho, and requests and demands that a jury be drawn, sworn and impaneled for the trial of said case. April 6, 1946, the request and demand for jury trial was denied. April 17, 1946, the case came on for trial de novo before the District Court without a jury, and the appellant was adjudged guilty as charged in the complaint, and the trial judge made and

filed judgment of conviction and sentenced appellant to be imprisoned in the county jail of Ada County, State of Idaho, "for the term of thirty days and in addition thereto pay a fine of $300.00." April 20, 1946, a Certificate of Probable Cause was made and appellant served and filed Notice of Appeal to this Court.

The first "specification of errors" states: "The court erred in denying and overruling the demurrer (ff. 65–68) interposed to the complaint (ff. 62–64), its ruling appearing at (ff. 81–2)."

Section 26 of Article III of the Idaho Constitution, as amended in 1934, provides: "From and after the thirty-first day of December in the year 1934, the Legislature of the State of Idaho shall have full power and authority to permit, control and regulate or prohibit the manufacture, sale, keeping for sale, and transportation for sale, of intoxicating liquors for beverage purposes."

The major reasons asserted by appellant that the trial court erred in overruling the demurrer runs to the proposition that under the provisions of Sec. 26, Art. III, supra, municipalities are without authority to enact a valid ordinance making it an offense for an unlawful sale of intoxicating liquor within the city limits, and citing Taylor v. State, 62 Idaho 212, 109 P.2d 879. The above case was instituted to determine whether, under the provisions of Section 308, Chapter 222, of the Session Laws of 1939, the Idaho Liquor Control

Board could appoint legal counsel in the conduct of its business and the performance of its functions, and it was held that under the Constitution, supra, the legislature could authorize said board to employ legal counsel as against the contention that the furnishing of legal counsel and assistants was the official duty of the Attorney General. We think there is nothing in the constitutional amendment, nor in Chapter 222, supra, that prohibits a municipality from enacting a valid ordinance making it a misdemeanor for one to unlawfully sell intoxicating liquor within the city limits.

State v. Hannigan, 161 Kan. 492, 170 P.2d 138, being an extra citation by appellant, was a proceeding to abate a common nuisance, consisting of an automobile, vehicle or other property used in the illegal transportation of intoxicating liquors, and in which it was held that such was a proceeding in rem and constitutes a civil action. The court held that a city ordinance which requires the balance of the proceeds remaining from the sale of an automobile forfeited and sold as a common nuisance, after deducting specific items, to be paid into the treasury of the city instead of being credited to the general fund is repugnant to the legislative mandate requiring such balance to be paid into the treasury of the county for the support of the common schools, and is void. In the body of the opinion (170 P.2d at page 142), it is said: "Of course, under the statutes referred to cities have power to enact ordinances enabling them to conduct criminal prosecutions in the police courts against persons committing not only the offenses of illegal possession and sale but also the offense of illegal transportation of intoxicating liquors and to impose punishment therefor. * * *"

In all said matters, however, statutory provisions are the controlling factors to which we must look for the legality of ordinances by municipalities and for the violation thereof.

The powers and duties of the Liquor Dispensary cover many kinds of administrative activities which municipalities may not exercise. By section 902 of Chapter 222, Session Laws, 1939, except as otherwise authorized by the act, "any person who shall have in possession, manufacture, transport, purchase, sell, or dispose of any alcoholic liquor shall be guilty of a misdemeanor." Undoubtedly a municipality is authorized and may enact valid ordinances making it a misdemeanor for any person to engage in any activities prohibited by the act.

Appellant contends that under Section 902 of the Idaho Liquor Act, Session Laws, 1939, page 480, a second violation of said act is made an indictable misdemeanor and that appellant was entitled to a preliminary examination, thereby ousting the city from the regulation thereof. Appellant moved for "A finding of not guilty and acquittal" on the grounds that the

evidence shows that the offense on the part of appellant is a second offense, thereby making it an indictable misdemeanor over which the City of Boise would have no jurisdiction. There is no merit in such contention. Appellant was not prosecuted for a second or subsequent offense, nor could he be prosecuted for a second or subsequent offense until such time as he had been prosecuted and adjudged guilty of a prior conviction.

This case presents two major propositions, viz.: (1) Did the District Court commit error in refusing to grant appellant's demand for a trial by jury, and (2) Could the District Court legally impose a sentence of fine and imprisonment upon conviction of appellant for violation of the City ordinance involved, that is, for sale of intoxicating liquor as charged in the complaint?

In order to determine these matters, we have made an extended search and study of the grants and authority conferred upon Boise City by legislative enactments. The Third Territorial Legislature of Idaho, by Chapter 52, approved January 11, 1866, incorporated Boise City as a municipal entity. Boundary lines were designated, certain grants and authority conferred, necessary officers for the administration of its affairs and government, including a Common Council, were named to serve as such until an election could be held, which was set for the first Monday of May, 1866, and a committee of three was selected to conduct said election. In lieu of the selection of a police judge, the Act provides: "Said Common Council shall appoint one of the Justices of the Peace, residing within said city, as Committing Magistrate, whose duty it shall be to hear all complaints of violations of said ordinances, and to examine all persons arrested by the Marshal. Said Justice shall have power to punish, by fine or imprisonment, or both, any violation of any of said ordinances, but no such punishment shall exceed a fine of one hundred dollars, or imprisonment for twenty days in the county or city jail."

We have found nothing in the original charter of Boise City relative to trial by jury nor any legislation incident thereto prior to the adoption and ratification of the Idaho Constitution. Amendment VI of the Federal Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *."

Section 7, Article I, of the Idaho Constitution, as amended at the General Election, November 6, 1934, among other things, provides: "The right of trial by jury shall remain inviolate; * * *. A trial by jury may be waived in all criminal cases not amounting to felony, by the consent of both parties, expressed in open court * * * the jury may consist of twelve or of any number less than twelve

upon which the parties may agree in open court. Provided, that in civil actions involving not more than five hundred dollars, exclusive of costs, and in cases of misdemeanor, the jury shall consist of not more than six."

Section 10-805, I.C.A., is as follows: "An issue of fact must be tried by a jury, unless a jury is waived, in which case it must be tried by the court."

In the case of State v. Frederic, 28 Idaho 709, 155 P. 977, 979, which originally was a prosecution in the police court under a city ordinance and appealed to the District Court, and wherein the defendant was charged with the violation of the then existing intoxicating liquor laws of the state, this court said: "A municipal corporation possesses only such powers as the state confers upon it, subject to addition or diminution at its discretion. These powers are conferred by the Legislature either under special charter or general law. It is a well-settled rule of construction of grants of power by the Legislature to municipal corporations, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act, or derived therefrom by necessary implication, regard being had to the object of the grant. Any ambiguity or doubt arising out of the terms used by the Legislature must be resolved in favor of the granting power. Regard must also be had to constitutional provisions intended to secure the liberty and to protect the rights of citizens, to the end that no cit-

izen shall be deprived of life, liberty, or property without due process of law."

It is of no particular significance whether or not, in imposing sentence for a violation of an ordinance under a special charter or under general law, that the legislature or police judge, or, on appeal, the District Judge, could punish by fine or imprisonment, or both, or was limited to either a fine or imprisonment, but not to both.

In the case of In re Lucas, 17 Idaho 164, 104 P. 657, wherein a writ of habeas corpus was sought, it appears from the record that the petitioner was convicted in the police court of Boise of the crime of assault for the violation of sec. 667 of the Rev. Ordinances of Boise City, and thereupon was fined the sum of $50. He appealed to the District Court, gave an undertaking in the sum of $200, and the case thereafter came on for trial in the District Court. The defendant was convicted and the trial court adjudged the petitioner "guilty of assault, and that he be punished by imprisonment in the county jail of the county of Ada, state of Idaho, for a term of 50 days or pay a fine of $100, or $2 for each day of the imprisonment not served." The petitioner contended that where a conviction had been had in police court and an appeal taken therefrom in conformity with law, and an undertaking has been given and he is subsequently convicted in the District Court, no other or different judgment can be imposed upon him than that provided in Section 8327 of the Revised Codes. Justice Stewart, in

a concurring opinion, after having commented on the contention of petitioner that the District Court could not adjudge and impose an unqualified sentence of imprisonment in addition to fine and costs, therein said: "This latter section (Sec. 7994, Idaho Rev.Codes) seems to contemplate that a judgment for fine or costs, or both, is to be entered as a civil judgment, and that it is made discretionary with the court as to whether the defendant shall be committed until such fine or costs, or both, are paid. Whether, under these two sections of the statute, the trial court has the power to impose as a penalty imprisonment and a fine, and imprisonment for nonpayment of such fine and costs, may be questionable, but is not involved in this case."

In the Session Laws of 1893, page 97, is an act, "To Provide for the Organization, Government, and Powers of Cities and Villages," and among other things, provides (p. 102): "Sec. 29. Cases in the police court arising under the ordinances of the city shall be tried and determined by the police judge without the intervention of a jury, unless the defendant demand a trial by jury, and when a demand shall be so made the trial shall be by a jury of six competent men, and shall be conducted in the same manner as trials before justices of the peace for misdemeanors arising under the general laws of the state."

The foregoing provision has been carried forward without change and now consti-tutes Section 49-340, Idaho Code Annotated. Likewise, said act provides (p. 103): "Sec. 36. Appeals may be taken from the judgments of the police judge, in the same manner as appeals are taken from the judgments of justices of the peace in criminal cases."

The foregoing provision has been carried forward and now constitutes Section 49-347, I.C.A. The same act, in section 69 thereof, provides: "In addition to the powers hereinbefore granted cities and villages under the provisions of this chapter, each city and village may enact ordinances or by-laws for the following purposes: * * *."

A number of matters and things are then enumerated as the subject matter of which cities and villages may enact ordinances or by-laws, and among others, in that subparagraph, "Twelfth," to-wit: "To make all such ordinances, by-laws, rules, regulations, resolutions, not inconsistent with the laws of the state, as may be expedient in addition to the special powers in this chapter granted, maintaining the peace, good government, and welfare of the corporation, and its trade, commerce, manufactories, and to enforce all ordinances by inflicting fines or penalties for the breach thereof, not exceeding one hundred dollars for any one offense, recoverable with costs, and in default of payment, to provide for confinement in prison or jail, and at hard labor upon the streets or elsewhere, for the benefit of the city or village."

The foregoing provision has been carried forward and now constitutes Section 49-1109, I.C.A.

The Legislature of 1913, Chapter 74, paragraph 20, page 317, enacted for the first time what is now Section 49-121, I.C.A., and which, among other things, provides: "In the trial of all actions brought for the violation of or for any cause arising under any city ordinance, all said matters shall be tried and disposed of by the court without a jury. No change of venue shall be allowed from such police judge in any matter arising under any ordinance of the city. All proceedings before such judge, and judgments rendered by him, shall be subject to review in the district court of the proper county on appeal, in the same manner as provided for appeals from justice courts."

If the foregoing provisions of the 1913 Session Laws, as carried forward into Section 49-121, I.C.A., relate to prosecutions for violations of ordinances, then it would appear that it is in conflict with the 1893 act, now Section 49-340. The act of 1913 does not amend or repeal Section 49-340, unless said repeal is by implication on account of the 1913 law being subsequent in point of time.

Section 49-333, I.C.A., gives the police judge exclusive jurisdiction to hear and determine all offenses against the ordinances of the city, and that provision is carried forward as Section 1-1803, Boise City Code of 1936. Said section also states a penalty of not to exceed $100 and costs

for the violation of any ordinance. Said Boise City Code, 1936, Section 1-1806, also contains about the same provisions as those in Section 49-121, I.C.A., and wherein "all criminal cases of which said police judge has jurisdiction shall be heard or tried in a summary manner by the police judge without the intervention of a jury."

The Boise City Code of 1936, Section 1-1807, contains the same provisions with respect to appeals as are contained in Section 49-347, I.C.A.

Chapter 215, page 438, Idaho Session Laws, 1939, is an act calculated to amend the charter of Boise City. By Section 6 thereof, it is provided:

"That Section 42 be, and the same is hereby, amended so that each subdivision of said Section 42 shall be and become a separate section, such separate sections to be numbered 42 (1) to 42 (55), inclusive, as hereinafter set forth, and said Section 42 and each subdivision so numbered as Sections 42 (1) to 42 (55), inclusive, are further hereby amended so that the whole thereof shall read as follows:

" 'Section 42. In addition to the powers elsewhere in this charter granted, the mayor and common council shall have power as provided in the following sections numbered 42 (1) to 42 (55), inclusive:

" 'Section 42 (1). Make and enforce all local police and sanitary regulations and all other regulations pertaining to municipay affairs, and for this purpose may define misdemeanors committed within the city

limits or on lands owned by, or within the jurisdiction of, the city, and provide for their punishment, although the offense constituting the misdemeanor be also a violation of the penal laws of the State. * * *

" 'Section 42 (8). To define, license, tax, regulate and restrain bar keepers, saloon keepers, dealers in and manufacturers of spirituous, vinous or malt liquors, and the places where the same are kept for sale, or in any manner disposed of, and to regulate and control the location of such places and the sale and disposal of such liquors. * * *

" 'Section 42 (41). To provide for the punishment of the violation of any of the ordinances of the city by fine not exceeding three hundred dollars, or imprisonment in the city jail, not exceeding sixty days, or both, or by forfeiture, as penalty, not exceeding three hundred dollars, and for working, upon the streets, or public places any person sentenced to such imprisonment during the term thereof, and to provide for the punishment of any person sentenced to imprisonment who shall refuse to work when ordered.' "

The case of State v. Bird, 29 Idaho 47, 156 P. 1140, 1141, was a prosecution under Ordinance No. 77 of the Village of Post Falls, Idaho, which provided a punishment for the violation thereof "By a fine of not less than $50 nor more than $100, together with costs of prosecution, or by imprisonment in the village jail not to exceed three months, * * *." On appeal to the District Court, he was found guilty of violating said ordinance, as charged in the complaint, "Whereupon it was adjudged that he pay a fine of $50 and costs of prosecution." It was contended by appellant that the aforementioned ordinance was void for the reason that it provides a punishment by fine, "Or by imprisonment in the village jail not to exceed three months." In passing upon said matter, this court said: "It is clear that the portion of the ordinance wherein it is attempted to provide for imprisonment in the village jail, except for default in the payment of a fine and costs, is in excess of the village powers and is void, but it is equally clear that the invalid portion of the ordinance may be disregarded without defeating the manifest purpose of the village trustees which was to provide for the collection of license fees from persons who engaged in the business of bookmaking and poolselling within the village limits, and to enforce the payment thereof."

Clause 2, Section 19, Article III, of the Idaho Constitution, provides:

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say:

*     *     *     *     *     *

"For the punishment of crimes and misdemeanors. * * *"

We find no instance where any provision with respect to trial by jury was enacted for cities or villages until subsequent to the approval and ratification of the Idaho Con-

stitution in 1890. In other words, and because of the provision that the right of trial by jury shall remain inviolate, it would seem to us that the legislature could pass no valid act which denied to a defendant in a criminal prosecution under an ordinance or statute the right to a trial by jury.

Clearly, that part of Section 42 (41) of Chapter 215, supra, which attempts to increase the punishment for the violation of any of the ordinances of a city in excess of that provided for in Section 49-1109, I.C.A., supra, is void for the reason that it is in violation of Clause 2, Section 19, Article III, supra, and from the foregoing, it is evident that Ordinance No. 1757 (Plaintiff's Exhibit No. 2), attempting to amend Section 4-808 of the Boise City Code of 1936, in which it is provided that any person violating any of the provisions of Chapter 8, Title 4, shall, upon conviction thereof, be punished by a fine not exceeding $300 and costs, and by imprisonment in the city jail not to exceed 60 days, or by both such fine and imprisonment, is likewise void.

■ The trial court should have granted the appellant a trial by jury, regardless of any provision of the Boise City Code of 1936, for the reason that it was a trial de novo, and under the provisions of Section 49-347, supra, would be tried the same as though it were an appeal from a judgment of a justice of the peace in a criminal case. The judgment of the trial court is reversed and the case remanded with instructions to grant a new trial.

HOLDEN, Justice (concurring).

■ The majority opinion discusses "the grants and authority conferred upon Boise City by legislative enactments," in connection with the decisive question: "Did the District Court commit error in refusing to grant appellant's demand for a trial by jury?" Upon the conclusion of the discussion, it is held in the majority opinion the trial court erred in such refusal. I concur in so holding, but express no opinion on the question of the judgment being excessive for the reason that that question may not be a matter for determination on a new trial.

GIVENS, Justice (special concurrence and dissent).

MILLER, J., apparently holds that Section 42 (41)[1] of the Boise City charter is void as conflicting with Section 49-1109, I.C.A.,[2] the latter being the general grant

---

[1] "To provide for the punishment of the violation of any of the ordinances of the city by fine not exceeding three hundred dollars, or imprisonment in the city jail, not exceeding sixty days, or both, or by a forfeiture, as penalty, not exceeding three hundred dollars, and for working, upon the streets, or public places any person sentenced to such imprisonment during the term thereof, and to provide for the punishment of any person sentenced to imprisonment who shall refuse to work when ordered." Sec. 42(41) Boise City Charter.

[2] "Make all such ordinances, by-laws, rules, regulations, resolutions not incon-

of power to municipalities; and that the portion of Section 1-1806 [3] of the City Ordinance eliminating a jury in the Police Court, conflicts with Section 49-340, I.C. A.,[4] the latter Section being held to prevail over Section 49-121, I.C.A.,[5] and violates Article III, Section 19 of the Constitution, clause 2.[6]

Section 49-121, I.C.A., has to do with cities of the first class, 1913, S.L. p. 312, Sec. 1, 49-101, I.C.A., and Section 49-340, I.C.A., has to do with cities of the second class, 1893 S.L. p. 97, Section 1, 49-301, I.C.A.

Since Section 49-121 I.C.A., has to do with cities of the first class and Section 49-340, I.C.A., with cities of the second class, the latter has no bearing on the former and cannot and does not supersede the former. Both are general as to those

---

sistent with the laws of the state, as may be expedient, in addition to the special powers in this title granted, maintaining the peace, good government and welfare of the corporation and its trade, commerce, manufacture, and to enforce all ordinances by inflicting fines or penalties for the breach thereof, not exceeding $100.00 for any one offense, recoverable with costs, and in default of payment, to provide for confinement in prison or jail, and at hard labor upon the streets or elsewhere for the benefit of the city or village." Section 49-1109, I.C.A.

[3] "The police court shall be open at 10 o'clock A. M. of each day, Sundays excepted, and shall remain open for at least one hour, and shall proceed to dispose of all cases arising from the violation of any city ordinance, in like manner as is provided by law for justices' courts, whenever the same is not in conflict with the ordinances of Boise City, for cases of like character, except that in all criminal cases of which the said police judge has jurisdiction shall be heard or tried in a summary manner by the police judge without the intervention of a jury, and he shall render judgment without unnecessary delay upon the close of the trial." Section 1-1806 of the City Ordinance.

[4] "Cases in the police court arising under the ordinances of the city shall be tried and determined by the police judge without the intervention of a jury, unless the defendant demand a trial by jury, and when a demand shall be so made the

trial shall be by a jury of six competent men, and shall be conducted in the same manner as trials before justices of the peace for misdemeanors arising under the general laws of the state." Section 49-340, I.C.A.

[5] "In addition to the powers given by law to police judges of cities of the second class, the police judges of cities of the first class shall have power to hear and determine all matters or causes arising on account of or under any ordinance of the city providing for any penalty, forfeiture, claim or obligation declared or given by any ordinance to the city, with full power to forfeit all bail bonds or cash bail, and to issue execution thereon. In the trial of all actions brought for the violation of or for any cause arising under any city ordinance, all said matters shall be tried and disposed of by the court without a jury. No change of venue shall be allowed from such police judge in any matter arising under any ordinance of the city. All proceedings before such judge, and judgments rendered by him, shall be subject to review in the district court of the proper county on appeal, in the same manner as provided for appeals from justice courts." Section 49-121, I.C.A.

[6] "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say:

* * * * * * *

"For the punishment of crimes and misdemeanors. * * *" Section 19, Article III, cl. 2 of the Constitution.

municipalities which come in one or the other class, and no point is made that the legislature may not thus classify municipalities. 43 C.J. 76, § 14.

■ Butler v. City of Lewiston, 11 Idaho 393, 83 P. 234, held that a special statute amending the special charter of the City of Lewiston granting specific powers to the city council did not, as a special law, violate Article III, Section 19, clause 27. No more sanctity attaches to clause 2 than to clause 27 of Section 19, Article III; therefore, on a parity of reasoning, Section 42 (41) of the Charter fixing a penalty different from the general law as to unchartered municipalities, though a special act, does not violate Article III, Section 19 (2).

■ A chartered city is governed by its charter and ordinances, not the general laws applicable to unchartered municipalities and amendments of its charter may be only by special act. Chartered cities were created under the aegis of special acts and so continue with constitutional sanction. Thus, the interdiction of special acts by Article III, Section 19, does not apply to the amendment of special municipal charters existent prior to the adoption of the Constitution. Boise City Nat. Bank v. Boise City, 15 Idaho 792, at page 801, 100 P. 93; Kessler v. Fritchman, 21 Idaho 30, at page 42, 119 P. 692; Hoffer v. City of Lewiston, 59 Idaho 538, at page 543, 85 P.2d 238; Bagley v. Gilbert, 63 Idaho 494, at page 500, 122 P.2d 227.

■ Cities have special charters so they may have and exercise powers different from cities under the general statutes. In re Pfahler, 150 Cal. 71, 88 P. 270, at page 279, 11 L.R.A.,N.S., 1092, 11 Ann.Cas. 911.

Section 1-1807 of the City Ordinances provides that appeals from the police court shall be taken in the same manner, to the district court, as are, or may be provided, by law for appeals from the justices' courts. No other charter provision or ordinance regulates appeals.

■ This court has held that on appeals from justices' courts, the cases will be considered de novo and as though started or commenced in the district court. State v. Stafford, 26 Idaho 381, 143 P. 528; State v. Ashby, 40 Idaho 1, at page 3, 230 P. 1013; State v. Dawn, 41 Idaho 199, 239 P. 279; State v. McNichols, 62 Idaho 616, at page 623, 115 P.2d 104.

If a criminal prosecution is started in the district court, of course, defendant is entitled to a jury (Sec. 19-1802, I.C.A.); therefore, he is entitled to one on appeal. Such evidently has been at least the quondam practice. State v. Quong, 8 Idaho 191, at page 193, 67 P. 491.

Therefore, I concur in a reversal of the judgment on this ground only, and for this reason, and concur in the conclusion that otherwise the judgment should have been affirmed.

I am authorized to say that BUDGE, J., and SUTPHEN, D. J., concur herein.