176 P.2d 212

## STATE v. BRUNELLO.
### No. 7313.

Supreme Court of Idaho.
Dec. 19, 1946.

Frank Langley, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Blaine, Pros. Atty., and C. Stanley Skiles, City Atty., both of Boise, for respondent.

SUTPHEN, District Judge.

The appellant, Louis Brunello, was on January 14, 1946, charged with permitting the unlawful sale of intoxicating liquor in violation of Section 4-805 of the Boise City Code of 1936, and upon being arrested interposed a demurrer, which was, by the city magistrate of Boise City, overruled. Thereafter appellant was tried by such magistrate and assessed a fine of $300 and given 30 days imprisonment in the city jail, from which he appealed to the district court of Ada County, and his demurrer there likewise overruled and a demand for a jury trial denied. After trial he was adjudged guilty and ordered imprisoned in the city jail 15 days and assessed a fine of $150 from which he prosecutes this appeal.

This case was argued and finally presented to this court at the same time as the case of State v. Romich, 67 Idaho 229, 176 P.2d 204, just decided and involves the same questions except the Romich case is a prosecution for the unlawful sale of intoxicating liquor in violation of Section 4-804, Boise City Code, while the instant case is a prosecution for permitting the unlawful sale of intoxicating liquors in violation of Section 4-805, Boise City Code. A jury trial was in both cases denied in the district court on appeal from the municipal court, and both cases involve the

Charles F. Reddoch and James H. Hawley, both of Boise, for appellant.

244

legality of Section 4-806, Boise City Code, under the provisions of which sentence was imposed.

The principal question involved in this case and not also presented in the Romich case is appellant's contention that Section 4-805 of the Boise City Code defining the offense of permitting the unlawful sale of intoxicating liquors has taken one act or omission and segregated it into more than one offense, thereby making a classification inconsistent with the statutes of the State of Idaho.

Section 4-805 of the Boise City Code provides: "Permitting Unlawful Sale.—It shall be unlawful for any person owning, leasing or occupying, or in possession or control of any premises, knowingly to permit thereon or therein the sale of intoxicating liquors, except as provided by the laws of the State of Idaho, and any person violating any provision of this Section shall be guilty of a misdemeanor."

Section 17-204, I.C.A., provides in part as follows: "Principals Defined.—All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, or, not being present, have advised and encouraged its commission * * * are principals in any crime so committed."

Sections 42 and 42 (1) of the Boise City Charter as amended by Chapter 215, § 6, of the 1939 Session Laws of Idaho provide:

"Section 42. In addition to the powers elsewhere in this charter granted, * * * the mayor and common council shall have power as provided in the following sections numbered 42 (1) to 42 (55), inclusive:

"Section 42 (1). To make and enforce all * * * local * * * police * * * and sanitary * * * regulations and all other regulations * * * pertaining to municipal affairs, and for this purpose may define misdemeanors committed within the city limits or on lands owned by, or within the jurisdiction of, the city, and provide for their punishment, although the offense constituting the misdemeanor be also a violation of the penal laws of the state."

Article 12, Section 2 of the Constitution provides: "Local police regulations authorized.—Any county, or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

The ordinance here in question would appear to be a local police regulation such as is authorized by the Constitution and the grant of authority from the legislation contained in the Boise City Charter as amended, supra.

The general law making one a principal to the crime of unlawfully selling intoxicating liquors who aids and abets in its commission or, who, being present, has advised and encouraged its commission, is not as broad in its scope as the ordinance

here in question, but there is no conflict between the two. The ordinance appears to provide a further or additional regulation such as was under consideration and upheld in State v. Musser, 67 Idaho 214, 176 P.2d 199, and in the case of Clark v. Alloway, 67 Idaho 32, 170 P.2d 425.

The instant case, however, must be reversed as the trial court should have granted the appellant a trial by jury, and this case is therefore reversed and remanded for new trial in accordance with directions contained in State v. Romich, 67 Idaho 229, 176 P.2d 204.

BUDGE, GIVENS, HOLDEN and MILLER, JJ., concur.