177 P.2d 472

### STATE v. WHITE.
### No. 7307.

Supreme Court of Idaho.
Feb. 11, 1947.

E. G. Elliott, of Boise, for appellant.

Frank Langley, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Blaine, Pros. Atty., and C. Stanley Skiles, City Atty., both of Boise, for·respondent.

MILLER, Justice.

December 11, 1945, Cornelia White, defendant and appellant, was tried and convicted in police court of a misdemeanor under an ordinance of Boise City for allowing a vicious dog to run at large within the city limits. She was adjudged to pay a fine of $10 and costs, or imprisonment in the city jail until the fine and costs were paid, at the rate·of $2 per day, not exceeding five days. December 20, 1945, appellant appealed to the District Court of the Third Judicial District of the State of Idaho, in and for·Ada County, from the judg-

ment in police court. January 17, 1946, appellant filed a demurrer in District Court alleging that the complaint did not state facts sufficient to constitute a public offense. March 19, 1946, the demurrer having been argued and taken under advisement, the court overruled the same. April 19, 1946, appellant demanded a jury trial, and on the same date, the demand for a jury trial was denied and the case was tried before the Honorable Charles E. Winstead, District Judge. On said April 19, 1946, the trial judge adjudged appellant guilty as charged in the complaint, and sentenced her to pay a fine of $25 and costs. April 20, 1946, appellant appealed to this court from the judgment of conviction in the District Court.

The Specifications of Error disclose that:

(1) "The Court erred in overruling appellant's demurrer to the complaint."

(2) "The Court erred in denying appellant a trial by jury."

(3) "The Court erred in adjudging appellant guilty of the offense charged and sentencing her to pay a fine of $25.00 and costs."

Under the provisions of Section 49-1109, I.C.A., which deals with the legislative powers of municipal corporations, it is provided that municipal corporations may: "Make all such ordinances, by-laws, rules, regulations, resolutions not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this title granted, maintaining the peace, good government and welfare of the corporation and its trade, commerce, manufacture, and to enforce all ordinances by inflicting fines or penalties for the breach thereof, * * *."

Specifications 1 and 3 will be considered together. At page 6 of appellant's brief, it is said: "What the state declares to be a crime is not a crime under the ordinance and what the ordinance declares to be a crime is not a crime under the state law." If we understand appellant correctly, she is attempting to make it appear that the ordinance does not classify dogs in the same manner as they are classified by the state statute, and for that reason there is a conflict between the state statute and the city ordinance. The State does not license dogs, although at one time counties, by order of the Board of County Commissioners, were authorized to license them, but that provision was later repealed. Based upon the asserted conflict, appellant has urged that the ordinance under which the prosecution was had is void. We take it that it is unnecessary, in order to enact a valid ordinance, that the same must correspond in all respects to the matters and things set out and contained in the state statute.

Section 24-2405, I.C.A., has to do with dogs running at large, provides a penalty, and is as follows: "Any person, who, after complaint has been made by any person to the sheriff, who shall serve a copy

of said notice upon such person complained of, wilfully or negligently permits any dog owned or possessed or harbored by him to be, or run, at large without a competent and responsible attendant or master, within the limits of any city, town, or village or in the vicinity of any farm, pasture, ranch, dwelling-house, or cultivated lands of another, or who wilfully or negligently fails, neglects or refuses to keep any such dog securely confined within the limits of his own premises when not under the immediate care and control of a competent and responsible attendant or master, shall be guilty of a misdemeanor."

In the recent case of State v. Musser, 67 Idaho 214, 176 P.2d 199, which was a prosecution under a city ordinance, and which ordinance was asserted to be invalid, a number of constitutional and statutory provisions relative to the making of a valid ordinance, as well as authorities in support thereof, were cited. Among other things, this court said: "Boise City possesses full police power in affairs of local concern."

And the court further observed, in considering an asserted conflict between the state law and a city ordinance:

"It does not provide that a person may drink intoxicating liquor in a public place within the corporate limits of a municipality. The city ordinance prohibits drinking intoxicating liquor in a public place. It is, therefore, not in conflict with, nor repugnant to, the statute. * * *

"Therefore, the court did not err in overruling the demurrer interposed to the complaint. The complaint stated a public offense under the ordinance, and the court committed no error in the admission of evidence in the course of the trial."

There is no merit in appellant's Specifications of Error 1 and 3 to the effect that the ordinance was invalid and because of invalidity would not support the judgment.

The record in this case discloses that on appeal from the police court to the District Court appellant made request and demand for trial by jury. The request was refused and the trial by jury denied. This was error. In the case of State v. Romich, 67 Idaho 229, 176 P.2d 204, and companion cases, this court held that on an appeal from a judgment of conviction for the violation of a city ordinance, the appellant was entitled on demand to a jury trial. Since the case was tried de novo in District Court, the trial judge should have granted appellant's request for a trial by jury. Accordingly, the judgment of the District Court is reversed and the cause remanded with instructions to grant appellant a new trial before a jury.

BUDGE, C. J., GIVENS and AILSHIE, JJ., and SUTPHEN, D. J., concur.