270 P.2d 1010

MILLER  v.  WINSTEAD, District Judge.

No. 8126.

Supreme Court of Idaho.

May 17, 1954.

Thomas J. Jones, Jr., Francis H. Hicks, Farrel J. Tovey, Boise, for plaintiff.

C. Stanley Skiles, Boise, for defendant.

THOMAS, Justice.

This is an original proceeding in this court for a writ of prohibition to restrain defendant from setting the case of State of Idaho v. Robert T. Miller for trial without a jury, and also for a writ of mandate to compel defendant, as District Judge of the District Court of the Third Judicial District of Idaho, Ada County, to grant the plaintiff, Robert T. Miller, a trial by jury.

The plaintiff was charged with and convicted on December 28, 1953, in the municipal court of Boise City, of driving a vehicle upon the streets of Boise City, Ada County, Idaho, in violation of Section 21-347, Boise City Code.

Plaintiff thereafter appealed said judgment of conviction to the above designated

district court and filed a written motion and demand for a jury trial which was refused.

Plaintiff has invoked appropriate procedure for submitting to this court for determination the question of his asserted right to a trial by jury in said district court. Farmer v. Loofbourrow, Idaho, 267 P.2d 113.

The city urges, among other things, that the violations of city ordinances are classified as "petty offenses" triable summarily without a jury and that the particular offense charged herein comes within such classification; it is also asserted that violation of a city ordinance is a violation of a local police regulation and does not constitute a crime against the peace and dignity of the state and hence the action is not a criminal action.

Further contention is made by the city that upon appeal to the district court from the conviction of a municipal ordinance the case should be tried anew as though tried in the police court, that is, summarily and without a jury, for the reason that the district court, for such purpose, is an appellate municipal court.

Again, it is urged that Art. 1, § 7 of the Idaho Constitution, which provides the right of trial by jury shall remain inviolate, has reference to the matter of trial by jury at the time the Constitution was adopted and was not intended to extend, but only to secure, the right as it existed at the time the Constitution was adopted; that it does not extend and apply to violations of municipal ordinances which were, under common law, summarily tried without a jury.

The city has fully, ably and somewhat exhaustively briefed each contention urged and has submitted substantial authority from other jurisdictions to support its position. These same contentions were urged and some of the authorities were cited in support thereof in the case of State v. Romich, 67 Idaho 229, 176 P.2d 204, and the companion cases of State v. Leonard, 67 Idaho 242, 176 P.2d 214, and State v. Brunello, 67 Idaho 242, 176 P.2d 212, all decided by this court in December, 1946, and later the case of State v. White, 67 Idaho 309, 177 P.2d 472, decided on February 11, 1947; each of these cases arose under a violation of a city ordinance of Boise City. This court then rejected each and every contention advanced by the city; however it is now suggested and urged that the opinions rendered therein be modified and that this court hold that on appeal to the district court from a municipal court wherein a conviction was had for a violation of a municipal ordinance, the district court try the case summarily and without a jury as provided for in such a trial before the police judge under the designated provisions of the Boise City Code hereinafter set forth.

Both the State and Boise City have legislated upon the subject matter of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor. Section 49-502, I.C.; Sec. 21-347,

Boise City Code. The punishment provided upon conviction under the state law or the ordinance is substantially the same. Section 49–561, I.C.; Sec. 5–501, Boise City Code; moreover, upon conviction under either the state law or the city ordinance, the Department of Law Enforcement shall revoke a driver's license. Sections 49–329, 49–561, 50–1109, I.C.

Sec. 21–347, Boise City Code, under which plaintiff was charged and convicted in the municipal court, provides as follows:

"Driving While Intoxicated. It shall be unlawful for any person who is an habitual user of narcotic drugs, or any person who is intoxicated or under the influence of intoxicating liquor, or narcotic drugs, or any stimulant, to drive any vehicle upon any street or highway within Boise City."

Sec. 5–501, Boise City Code, gives the city magistrate exclusive jurisdiction to hear and determine all offenses against the ordinances of the city, and, upon conviction, provides that an offender shall be punished by fine, not to exceed $300 and costs, or by imprisonment in the city jail not to exceed sixty days, or by both fine and imprisonment; that upon default in the payment of any fine imposed the offender shall be imprisoned in the city jail and placed at hard labor for the benefit of the city at the rate of $2 a day until such fine is paid.

The City Code provides that all criminal cases in which the city magistrate has jurisdiction shall be tried in a summary manner without the intervention of a jury. Sec. 5–504, Boise City Code.

The statute provides that in cities of the first class the trial of all actions by the police judge brought for violation of an ordinance thereof, shall be by the court without a jury. Section 50–121, I.C.; however in cities of the second class such cases shall be tried by the police judge without the intervention of a jury unless the defendant demands a trial by jury; when such demand is made, the trial shall be by jury and conducted in the same manner as trials before justices of the peace for misdemeanors arising under the general laws of the state. Section 50–340, I.C. These two sections are not in conflict. State v. Romich, 67 Idaho 229, 176 P.2d 204.

The only provision of the Boise City Code regulating appeals from the police court is Sec. 5–505, wherein it is provided that appeals from the action of the city magistrate shall be taken in the same manner, to the district court, as are, or may be provided by law for appeals from the justices' courts.

On appeal from a justice court to the district court in a criminal case, the case must be tried anew. Section 19–3942, I.C.; moreover, it will be considered de novo as though started or commenced in the district court. State v. Romich, supra. Of course if the trial of a criminal case is commenced

in the district court the defendant is entitled to a jury trial. Section 19–1902, I.C.

█ In the cases of State v. Romich, State v. Leonard, State v. Brunello and State v. White, supra, this court held that on appeal from a judgment of conviction for the violation of a city ordinance the appellant was entitled to a jury trial where demand therefor was made. We adhere to the pronouncement set forth in each of these cases in this respect.

It follows from the conclusions reached herein that the alternative writ of prohibition and the alternative writ of mandate must be and hereby are made permanent.

PORTER, C. J., and GIVENS and KEETON, JJ., concur.

TAYLOR, Justice (concurring specially).

The right to trial by jury in the district court on appeal from the police court should be recognized only in cases where the act charged as a violation of the city ordinance is also made a crime by the state legislature and is punishable under the general law. In such cases the right to trial by jury would be the same as though the case came to the district court, for trial de novo, from a justice or probate court. I would not extend the right to cases involving violations of purely local police regulations, where no such right existed at the time our constitution was adopted.