STATE OF WYOMING on the relation of FLOYD SUCHTA,

*Plaintiff,*

vs.

THE DISTRICT COURT OF SHERIDAN COUNTY, WYOMING and Honorable G. A. LAYMAN, Judge thereof; and the CITY OF SHERIDAN, WYOMING, a municipal corporation,

*Defendants.*

(No. 2686; May 24th, 1955; 283 Pac. (2d) 1023)

50

For the plaintiff the cause was submitted upon the brief of John F. Raper and Kenneth Chetwood both of Sheridan, Wyoming, and oral argument by Mr. Chetwood.

For the defendants the cause was submitted upon the brief and also oral argument of Robert E. Holstedt and Harry F. Schwartz both of Sheridan, Wyoming.

## OPINION

BLUME, Justice.

In this case, Floyd Suchta was arrested by the police in Sheridan, Wyoming, for unlawfully operating a motor vehicle in a careless and wanton manner in disregard of the rights and safety of others, so as to endanger persons and property, all in violation of an ordinance of the city of Sheridan. He was tried in the police court, found guilty, and was fined the sum of $75. An appeal to the district court was duly taken. While the case was duly pending in the latter court, the city attorney of Sheridan moved the court that the case be removed from the docket of cases to be tried by the jury, and that the case be tried by the judge of that court without a jury. The district court sustained the motion. Thereupon on November 26, 1954, the instant action was instituted, as an original proceeding in this court, asking for a writ of prohibition, forbidding the district court of Sheridan county to try the foregoing case on appeal without a jury. The defendants have appeared, and have filed a general demurrer.

Appeal from a judgment of a police court is guaranteed by the constitution of this state, Article 5, Section 23, providing:

"Appeals shall lie from the final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law."

Pursuant to that provision the legislature, in enacting laws for towns has provided in Section 29-449, Wyoming Compiled Statutes 1945, as follows:

"Appeals from the judgment or sentence of such police justice may be taken to the district court in the same manner as is now provided by law for appeals from justices' courts in criminal cases, and shall be dealt with by the courts as criminal cases."

The charters of the city of Laramie and Rawlins, §§ 29-3326, 29-3524, W.C.S. 1945, provide for such appeals in that identical language. Thereafter in 1933, apparently to make the law of this state more uniform, the legislature provided as now appears in § 29-1805, W.C.S. 1945, as follows:

"In addition to all other methods heretofore provided by law, an appeal from the judgment or sentence of a police justice in any city or town operating under a special charter or commission, commission manager or manager form of government, may be taken to the district court in the same manner as is now provided by law for appeals from justice courts in criminal cases and shall be dealt with by the courts as criminal cases.'"

The city of Sheridan operates as a commission form of government.

By the term "criminal cases" is obviously meant criminal cases under the laws of the state—cases in violation of the laws of the state. 10 Words and Phrases, Permanent Edition, 484 et seq. In other words, when a case of violation of an ordinance reaches the district court on appeal, the violation of such ordinance is, in the eyes of the law, considered to be on the same footing as a crime under the criminal law of the state, and must, under the foregoing statute, be tried in the same manner. Now trials under the criminal law of this state are jury trials. That is true not only when the case originates in the district court, but also when it orig-

inates in a justice court and is then appealed, for on the appeal the trial is de novo, § 15-207, W.C.S. 1945, and that term means (unless otherwise specified) that it is on the same footing as though it had originated in the district court. Doster v. State, 195 Tenn. 535, 260 S.W. 2d 279; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W. 2d 681, 692; In re Farlin, 350 Ill. App. 328, 112 N.E. 2d 736; Karcher v. Green, 8 Houst. 163 (Del.), 32 A. 225; Reck v. Reck, Ohio App., 46 N. E. 2d 429, 430; 12 Words and Phrases, Permanent Edition, 107 et seq. In fact § 10-1101, W.C.S. 1945, seems to be all inclusive when it provides: "In all criminal cases the jury summoned and impaneled according to the laws in force, relating to the summoning or impaneling of juries in other cases, shall try the accused." We find no qualifying exception in our statutes.

Counsel for the defendants have reasoned themselves into the belief that our statutes do not mean what they, apparently at least, seem to mean. They say that there is no constitutional right to a trial by jury in a case such as before us. We may admit that for the purpose of this case. We are here dealing with the statute or statutes. They also say that cases triable before a police justice were not triable to a jury at common law. We may admit that also. The legislature may change, and in this case has changed the common law.

It is stated in 9 McQuillin, Municipal Corporations, 3rd Ed., § 27.39, that "The right of a defendant to a jury trial upon appeal (from a judgment of the police court,), depends upon the provisions of the applicable local law." There are cases which hold that no jury trial, on appeal, is required. That was held to be true, for instance, in Stutsman v. City of Cheyenne, 18 Wyo. 499, 501, 113 P. 322, under a statute providing that the case should be tried at the next term of court, *"Provided, no trial de novo shall be had in the District*

*Court."* (Italics supplied.) That was held to be true also in City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141, 143, under a statute providing that the case, on appeal, should be set before the judge of the district court *without a jury.* That was held to be true also in City of Fort Scott v. Arbuckle, 165 Kan. 374, 196 P. 2d 217, 225, 226, (a case much relied on by counsel for the defendants) under a statute providing "that in all matters for which specific provision is not made the chapter for criminal procedure before justices of the peace shall govern *except that no jury shall be allowed."* (Italics supplied.) Even so, three of the justices dissented and it appears that the uniform practice previously had been to allow a jury trial on appeal. It is quite apparent that such cases as these are not pertinent, and have no bearing whatever on the case before us. To the same effect as the foregoing with the same statutory limitations is the law of New Jersey. Town of Montclair v. Stanoyevich, 6 N.J. 479, 79 A. 2d 288, 296.

There is not a case on record which under laws such as we have in this state holds that a defendant convicted in a police court is not entitled to a jury trial on appeal; nor is there likely to be one in view of the plain provisions made by our legislature. It is well settled in Idaho that a jury trial must be given in such cases on appeal. State v. Romich, 67 Idaho 229, 176 P. 2d 204, 210; State v. White, 67 Idaho 309, 177 P. 2d 472. In the first of these cases the court concluded: "The trial court should have granted the appellant a trial by jury, regardless of any provision of the Boise City Code of 1936, for the reason that it was a trial de novo, and under the provisions of Section 49-347, supra, would be tried the same as though it were an appeal from a judgment of a justice of the peace in a criminal case." The law in Colorado is also well settled contrary

to the contention of counsel for the defendants. It appears that under the Colorado law, Sec. 41, Ch. 127, 1935 Colo. Stat. Ann., appeals from the police court were made trials de novo. The supreme court stated in City and County of Denver v. Birdwell, 122 Colo. 520, 224 P. 2d 217, 219:

"The intent, purpose, and spirit of the state laws providing for appeals from municipal or police courts is to afford the right of trial to a jury, and that, regardless of the name of the court. In all matters such as the violation of municipal ordinances, it is essential to due process that an appeal lie to some higher tribunal."

In Missouri a statute provided that appeals from a police court should be tried on appeal in the same manner as appeals from a justice court in misdemeanor cases. The court stated in City of Clayton v. Nemours, 237 Mo. App. 167, 164 S.W. 2d 935, 938:

"But even though, for the reasons pointed out, a proceeding to enforce the penalty of an ordinance does not rise to the dignity of a criminal prosecution, it is nevertheless so closely related to a criminal case, and the consequences of a conviction are so nearly identical with those of a conviction of a crime, that the *Legislature has wisely provided* by the two statutes in question that an appeal from a police court shall be regarded as in the nature of a criminal appeal, and shall be proceeded with in the circuit court according to the rules of criminal procedure." (Italics supplied.)

In Ex Parte Hall, 255 Ala. 98, 50 So. 2d 264, it appears that the statute has provided that a defendant is entitled to a jury trial on appeal from a judgment of a police court. The practice in Ohio seems to be that a defendant in such case is entitled on appeal, to a jury trial. That seems to be true also in Washington, City of Seattle v. Molin, 99 Wash. 210, 169 P. 318, the trial being de novo; and in Nebraska, as appears in Wells v. State, 152 Neb. 668, 42 N.W. 2d 363, the defendant waiving a jury in that case. In some states the statute

provides that a defendant, if he wants a jury, must demand it, or demand it in writing. We find no such limitation in this state, though doubtless a jury may be waived in a case like the one here involved. We are not without precedent as to the practice in this state. It appears in Town of Torrington v. Taylor, 59 Wyo. 109, 137 P. 2d 621, that on appeal from a judgment in the police court, a trial de novo was had in the district court, and the record in that case shows that the trial was to a jury.

We think that our law to the effect that a defendant is entitled to a jury trial, when he has appealed to the district court from a judgment in the police court, is plain and unambiguous. We have neither the privilege nor the power to ignore it, whittle it away, or abrogate it. The demurrer filed herein must be overruled, and the petition for prohibition prayed for herein is granted.

*Petition granted.*

RINER, C. J., and HARNSBERGER, J., concur.