JOSEPH HICKS HUDSON, Petitioner, *v.* EIGHTH JUDI-
CIAL DISTRICT COURT, in and for the County of
Clark, Respondent.

No. 5127

January 23, 1967                    422 P.2d 688

*Robert L. Reid,* of Las Vegas, for Petitioner.

*Sidney R. Whitmore,* City Attorney, and *James·M. Bartley,*
Assistant City Attorney, Las Vegas, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Petitioner Joseph Hicks Hudson, was arrested and convicted
in Las Vegas for violating a municipal ordinance, to wit: Con-
tributing to the delinquency of a minor. The ordinance incor-
porates by reference certain acts which have been declared
misdemeanors by the State and makes them misdemeanors
under local law.

> LAS VEGAS CITY CODE: Sec. 6–1–34. STATE
> MISDEMEANORS: The commision of any act within
> the Corporate Limits of the City, or the failure to perform
> any act within such Corporate Limits, which is made a
> misdemeanor by the laws of the State is hereby declared
> to be and shall constitute a misdemeanor.

. Petitioner seeks a writ of prohibition from this court to restrain the District Court of the Eighth Judicial District from proceeding with this trial (on appeal) for violation of the said city ordinance. He contends that the district court is without jurisdiction to proceed in that he is entitled under the Constitution and by statute to a jury trial.

The question is: Does the petitioner, having been convicted and sentenced in the municipal court for the commission of a misdemeanor, upon and by virtue of such appeal, have a constitutional and/or statutory right to a jury trial in the district court?

The petitioner was before this court prior to his first trial and we then determined that a defendant charged with violation of a municipal ordinance does not have a right to trial by jury in the municipal court. Hudson v. City of Las Vegas, 81 Nev. 677, 409 P.2d 245 (1965); NRS 266.550. However, Hudson was found guilty in the lower court and appealed to the district court, where he demanded a trial by jury on the grounds that an appeal is de novo and that the Nevada statutes allow him a jury in the district court although denied to him in the municipal court.

NRS 266.595 provides the right of appeal to the district court from any final judgment of the municipal court in the same manner and with the same effect as appeals from justice court in civil or criminal cases. Through NRS 189.050 an appeal duly perfected from justice court transfers the action to the district court for trial anew. The procedure on appeal is determined by NRS 189.080 which provides that the proceedings shall be the same as in criminal actions originally commenced in the district court.

1. The trial of criminal offenses unknown to the common law were never within the scope of the constitutional right to jury trial; the legislature may grant the right to a jury trial in such cases. State v. Ketterer, 79 N.W.2d 136, 140 (Minn. 1956). Some states with statutes containing the same or similar provisions as those of Nevada have interpreted them to mean that no greater right exists on appeal than was afforded at the original trial in municipal court. State v. Ketterer, supra; State v. Cousins, 397 P.2d 217, 219 (Ariz. 1964). Other states, however, have adopted a contrary view. For example, where a statute regarding appeals from a justice of the peace and police magistrates specifies that appeals be taken to the district court "in the same manner provided by law from justice of the peace courts in criminal cases," they are dealt with as criminal cases:

by "criminal cases" is meant cases in violation of the laws of the state. They hold that the violation of an ordinance, being on the same footing as a crime under the criminal laws of the state, must, under the language of statutes like NRS 189.080, be tried in the same manner (by jury) unless waived. This is held to be true when a case originates in a justice court and is then appealed, for on the appeal the trial is de novo. The case is then considered as if it had originated in the district court. State ex rel. Suchta v. District Court, 283 P.2d 1023, 1024 (Wyo. 1955); State v. Romich, 176 P.2d 204, 210 (Idaho 1946); Miller v. Winstead, 270 P.2d 1010, 1012 (Idaho 1954); City of Birmingham v. Williams, 155 So. 877, 878 (Ala. 1934).

This state has not heretofore passed on the question. In State ex rel. Callahan v. Second Judicial District Court, 54 Nev. 377, 18 P.2d 449 (1933), an appeal from municipal court was tried before a jury in district court, but there is no indication that any issue concerning the *right* to have a jury trial at that stage was considered. Ex parte Ohl, 59 Nev. 309, 92 P.2d 976 (1939), escaped the problem because of the limited area of review by a writ of habeas corpus. There, the court considered the wrongful denial of a jury trial an error within jurisdiction which had to be tested on appeal, and not by the writ of habeas corpus.

A review of the authorities affords but one conclusion: the determination of the issue must be found from the legislative intent as reflected in the statutes. We find such intention in a legislative expression of NRS 6.170 which provides, "where criminal * * * cases originating in the municipal court * * * are brought before the district court, the county clerk shall give a statement of the amount due to the jurors * * * to the district judge, who shall, on approval thereof * * * direct the treasurer of the town or city to pay the same." Unless a trial by jury was contemplated, there is no purpose for the statute.

We hold, therefore, that the Nevada statutes reviewed in their entirety reflect that the intention of the legislature was to provide a right to jury trial to one who appeals from conviction in the municipal court.[1]

---

[1]We are not unmindful that this ruling will add to the existing burdens of the congested trial calendars of the district courts in Nevada. This, however, is a legislative matter.

The Eighth Judicial District Court in and for the County of Clark shall proceed to set this matter for trial in the same manner as criminal cases originating in that court.

THOMPSON, C. J., and COLLINS, J., concur.