**SALT LAKE CITY, a Municipal Corporation, Plaintiff and Respondent,**

v.

**WEST GALLERY, INC., Defendant and Appellant.**

**No. 15110.**

Supreme Court of Utah.

Jan. 6, 1978.

John D. O'Connell, Salt Lake City, for defendant and appellant.

Roger F. Cutler, City Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an interlocutory appeal from the granting of a motion requiring a jury of four jurors rather than eight, in a misdemeanor case where the defendant had been convicted in the City Court of Salt Lake City, a court of limited jurisdiction and timely appealed to the District Court, a court of record,[1] and general jurisdiction,[2] for a trial "de novo."[3] Affirmed.

Cases initiated in the district courts entitle litigants to have 12, 8, or a lesser number of jurors, depending on the nature and/or gravity of an offense in criminal trials, and 8 or less only in civil cases. A jury of 12 is required in criminal capital cases, and 8 in lesser offenses, and in either event, the verdict must be unanimous. In

---

1. Art. VIII, Sec. 17, Utah Constitution.

2. Art. VIII, Sec. 7, Utah Constitution.

3. Title 77–57–43, U.C.A.1953.

civil cases 8 jurors (or less by agreement) are sufficient with 6 out of the 8 or ¾ controlling the verdict; and in the City and Justice of the Peace Courts, 4 jurors constitute a panel in both types of cases.[4]

■ Cases originating in the District Courts are appealable to the Utah Supreme Court, but cases originating in the City or Justice of the Peace Courts are not appealable to the Supreme Court, but are appealable only to the District Court, whose decision is final save only where a constitutional question is involved.[5]

Appellant relies solely on Article I, Section 10 of the Utah Constitution,[6] whose interdiction is:

> Section 10 Trial by Jury . . . In courts of *general jurisdiction*, (District Courts) except in capital cases, a *jury shall consist of eight jurors*. In courts of inferior jurisdiction (City and J.P. Courts) a *jury shall consist of four jurors*. . .

There is language in a Wyoming case cited by the appellant, (as set out in footnote 6, supra) which appears not only to be dictum but not germane to the instant case, since in a case that restricts a criminal case to a maximum of 4 jurors, hardly could it be said that by some sort of chameleonic reasoning it would be required to be tried again before a jury of eight, whether the appellant approved or not. The unreason and unadaptability of such a conclusion easily is demonstrated by the fact that, indulging appellant's argument, and applying the dictum doctrine of the Wyoming case, any appellant going from the City Court to the District Court, not only could demand an 8-person jury, but could demand a right of appeal to the Supreme Court in direct violation of the provision in Art. VIII, Section 9, of the Utah Constitution that says that when an appeal is perfected to the District Court from the Justice or City Court "the decision of the District Court shall be final . . . ." Such reasoning and conclusion of appellant by mere appeal, actually could change the jurisdiction of the Court as to the amount of claim limitation and have the effect of overruling such cases as *Hardy v. Meadows*,[7] one of our own, where it was held that the District Court, on appeal from a City Court, could not entertain or exercise jurisdiction in deciding a counterclaim alleged in the lower court in excess of the latter's jurisdiction.

■ We choose to espouse the common sense view of the Hardy case that says the District Court's jurisdiction on appeal from the inferior court "is derivative, as is held in many other jurisdictions . . . ." We believe the intentions of the framers of the Constitution and the many legislators that followed, were such that the jurisdiction of the various courts should remain as specified in the Constitution and statutes, without stretching such specificity to arrive at a state in the law where a litigant, by mere shift from one court to another could change the whole complexion of jurisdictional concepts by simple legal maneuverability. We believe and hold that the statutes, with respect to jurisdictional matters relating to the number of jurors in City Courts, set at four, are not changed to any other number by an appeal.

Even if it were error to allow only four jurors in the district court, such error is not subject to be considered on appeal as it does not involve the constitutionality of an ordinance or a statute (footnote 5 supra).

MAUGHAN, Justice (dissenting):

For the following reasons I dissent.

Article I, Section 10, Utah Constitution, declares:

> novo," *he is entitled to a jury*. There was no issue as to entitlement as to any certain number of jurors. The court did say, however, that "de novo" meant that "it is on the same footing as though it had originated in the District Court." The language is dictum as to the question resolved as to entitlement to *a jury*.

---

4. Art. I, Sec. 8, Utah Constitution; Title 78–46–5, U.C.A.1953.

5. Art. VIII, Sec. 9, Utah Constitution.

6. And cites as its only authority, *State v. Dist. Ct.*, 74 Wyo. 48, 283 P.2d 1023—which was a case where the "law of the case" was to the effect that in an appeal from an inferior court to the District Court, entitling one to a "trial de

7. 71 Utah 255, 264 P. 968 (1928).

In capital cases the right of trial by jury shall remain inviolate. In courts of general jurisdiction, except in capital cases, a jury shall consist of eight jurors.

. . .

The legislature echoed the constitutional provision in 78–46–5, U.C.A.1953, as follows:

A trial jury in capital cases shall consist of twelve jurors. A trial jury in other criminal cases and in civil cases in the district court shall consist of eight jurors; provided, that in civil cases and cases of misdemeanor the jury may consist of any number less than eight upon which the parties may agree in open court. . . .

Whatever anyone may choose to call a trial in the district court, after a conviction is had on a misdemeanor charge in city court, it clearly appears that a trial in the district court is a court of general jurisdiction; as that term is used in the constitutional provision. Implicit in the litigation itself is the constitutionality of the statute, which properly brings it before this court.

WILKINS, Justice, concurs in the views expressed in the dissenting opinion of MAUGHAN, J.